WILLIAM A. SKRINE, JR., plaintiff in error, *vs.* JOSEPH T. SIMMONS, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

1. A judgment, rendered by a Court of competent jurisdiction cannot be collaterally attacked; it is valid until set aside according to the rules of law.
2. One judgment may, upon motion, be set off against another when such set-off is equitable.

Motion to set-off Judgment. Decided by Judge HOLT, in Burke Superior Court, November Term, 1861.

Joseph T. Simmons and his wife (formerly Mary R. Skrine), with John J., Charles C., and Eugenius A. Skrine, filed against Quintillian Skrine, as administrator of William A. Skrine, deceased, a bill for discovery, account, and distribution.

The cause was submitted to arbitration, and under the award and decree thereon, was fully settled as between complainants and said administrator.

In order to do full equity, said complainants also submitted certain accounts between themselves, growing out of said estate, to arbitration. By this award and decree, it was fixed that said Simmons owed certain sums to said other complainants, and to William A. Skrine, Jr., another heir.

Now, William A. Skrine was not a party to said bill, or

either of said submissions; but the order for submission directed the arbitrators to award to said William A. Skrine, Jr., one-fifth of the estate, and that complainants should have the further aid of the Court for settlement of said estate among themselves and said William A., Jr., should he come in and be made a party.

Said decree was had in May, 1855. At May term, 1859, said William A., Jr., petitioned the Court to be made a party complainant to said bill, and that he be allowed to enter judgment against said Simmons for said one-fifth, which had been by said decree ascertained to be $1,808.65. The order was passed, and judgment entered accordingly.

At May term, 1860, Simmons obtained a judgment at common law against William A. Skrine, Jr., and William Bynn, security, on appeal for $1,212.05, with interest.

At said last term, William A. Skrine, Jr., alleged that said Simmons was insolvent, and prayed that his judgment against said Simmons might be credited by the said judgment of Simmons against him, and that this last mentioned judgment be entered satisfied. The insolvency of Simmons was not denied.

The Court refused to allow the judgments thus set-off, on the ground that, in his opinion, William A. Skrine, Jr's, said judgment was invalid under the facts aforesaid. To this ruling, William A. Skrine excepted.

JONES and STURGIS, A. M. ROGERS, for plaintiff in error.

MILLER and JACKSON, for defendant in error.

WALKER, J.

1. The Court below refused to set-off one judgment against the other on the ground that Skrine's was invalid. Why invalid, we are unable to understand. It was rendered by a Court of competent jurisdiction, and was therefore valid until set aside by a proceeding instituted directly for that purpose. It could not be collaterally attacked on account of any irregularity in its procurement. Walker vs. Morris, 14 Ga. R., 323; Cochran vs. Davis, 20 Ga. R., 581.

2. The judgments being valid, why should not the larger be extinguished *pro tanto* by the smaller? Our Court, in Meriwether vs. Bird, 9 Ga. R., 597, quotes, with apparent approbation, the case of Commonwealth vs. Clarkson, 1 Rawles' Rep., 291, which decides that mutual demands extinguish each other *by operation of law*, without waiting for any act of the parties." In Colquit vs. Bonner, 2 Kelly's Rep., 155, this Court holds that "one judgment may be set-off against another, although all the parties to the different records are not the same." See, also, Meriwether vs. Bird, *supra.* Code, sections 2843, 3396, 3014, and 3015. No good reason has been suggested why the one judgment should not be set-off against the other, and none such occurs to us. The Court erred in refusing the motion, and we therefore reverse the judgment.

Judgment reversed.