Boone *vs.* Sirrine.

STEPHEN S. BOONE, plaintiff in error, *vs.* WM. SIRRINE, adm'r, defendant in error.

1. Two parties rented a store-house for one year, from 24th November, 1867, the rent to be paid quarterly, and soon after dissolved the partnership, and one of them continued the business on his own account for a time and died. His administrator obtained an order from the Court of Ordinary, authorizing him to continue the business for the balance of the year, for the benefit of the estate. The widow applied for the year's support, allowed by law for herself and children, and the appraisers allowed her $2,700, which was made the judgment of the Court of Ordinary, and which left the estate insolvent. The other partner was also insolvent. The landlord filed a bill, praying an in-junction against the administrator, to restrain him from turning over the estate to the widow, or otherwise disposing of the same till his note was paid.

*Held,* That the dissolution of the firm did not affect the rights of the landlord, as a tenant can not, under our statute, transfer his lease without the consent of the landlord; and the lease, so far as the landlord's rights were concerned, remained partnership property, and forms no part of the estate of the deceased partner till the rent is paid, and that the landlord is entitled to his rent out of the proceeds of the business done in the house, or the stock in trade, for the time the administrator used the premises, before the estate is turned over to the widow of the deceased.

Equity. Injunction. Widow's year's support. Decided by Judge J. M. CLARK. Sumter Superior Court. September Term, 1868.

Mayo, on the 25th of November, 1867, rented a store-room to Nunn & Baily, for one year, at $570 00, payable quarterly, and accordingly, took their four rent notes, payable to himself or bearer. They were partners as booksellers, etc. Soon afterwards, Baily retired from the firm, leaving Nunn in possession of the store and stock. Mayo transferred said notes to S. S. Boone, as collateral security for a claim Boone had against him.

Nunn died. Sirrine administered upon his estate, and by authority of the Ordinary, was carrying on said business, having employed a clerk, continued to occupy the store, replenished the stock, etc. Commissioners, appointed by the

Ordinary, had set apart $2,700 00, as the proper year's support for Nunn's widow and children, and the Ordinary had approved the same. One of these rent notes became due, and was presented to Sirrine for payment; he declined paying it, upon the ground that it must be put on the footing of other claims against Nunn & Co. Thereupon, Boone filed his bill in Equity against Sirrine, as such administrator, setting forth the foregoing facts, and that Mayo's solvency was doubtful, that Baily was insolvent, and so was Nunn's estate, and thereupon, prayed that Sirrine should be enjoined from paying to the widow anything over $500 00, and not even that, out of said stock, until said rent was paid, and that he be enjoined from disposing of said stock to complainant's damage. The claim of Boone, by his bill, is put upon two grounds, viz: his claim is a partnership debt, and should take priority over the private debts of Nunn, and as Sirrine has used the store to sell the stock, for the benefit of the estate, the rent is, properly, a part of the necessary expenses of the administration, and therefore, has priority; and further, that the year's support could not be over $500 00, the estate being insolvent.

The Court granted a temporary injunction, with an order to show cause why it should not be made perpetual. The answer denied none of the facts stated in the bill. The Chancellor dissolved the injunction, and this is assigned as error.

S. C. ELAM, for plaintiff in error, said this rent was a partnership debt, etc. Secs. 1886–1908, Irwin's Code, 28*th* *Ga. R.*, 374. It was a part of the expenses of administration. Irwin's Code, secs. 2504, 2506 ; and that the year's support should be only $500 00, sec. 2530, Irwin's Code.

W. A. HAWKINS for defendant in error.

Boone *vs.* Sirrine.

BROWN, C. J.

The store-room was rented to Nunn & Baily, as partners, who commenced business in it as booksellers, and soon after dissolved partnership, Nunn remaining in the possession of the room, and conducting the business, and Baily retiring. Did this dissolution of the firm affect the rights of Mayo, or of Boone, his assigeee? We think not. Mayo rented to Nunn and Baily, as a firm, and accepted them jointly, as his tenants, and they could not, without his consent, change the relation, by a conveyance, one to the other, so as to compel Mayo to accept either alone as his tenant, or look to one, or to the individual estate of one, for the payment of his debt.

Section 2253 of the Revised Code, declares that the tenant cannot convey his usufruct without the landlord's consent, and that it is not subject to levy and sale. We are quite clear, therefore, that the dissolution of the firm did not affect Boone's right, as assignee of the rent notes, to look to the partner in possession for the payment of the rent out of the stock in trade in the store, or the proceeds of the business.

After Nunn's death, his administrator, with the consent of the Ordinary, continued the business in the store-room, under the rent contract, for the benefit of the estate, and now refuses to pay the rent notes for the time he possessed the room, on the ground that this debt must be put on the footing of other debts against Nunn & Co. We do not think the lease, or the stock in trade, ceased to be partnership property, as against the rent notes, till they are paid. And as they formed no part of Nunn's estate, the widow had no right to take these assets in payment of the very liberal allowance (in view of the condition of the estate,) which had been given her, as year's support, till the administrator had. paid the rent due, at the least, for the time he occupied the store under the order of the Court of Ordinary. Our opinion, therefore, is, that the Court erred in dissolving the injunction.

Judgment reversed.