Inman, administrator, *vs.* Miller, Jr.

1. Where the ground of an affidavit of illegality was that the execution was issued in 1870, and no entries had been made thereon within seven years, there was nothing that could not be determined on the face of the execution returned with the affidavit, and the ground of illegality was not defective, because it stated that the affiant was "advised and believed" that the execution was proceeding illegally.
2. Where an affidavit of illegality stated that the *fi. fa.* was issued more than seven years before the date of the levy, and that there had been no entry thereon for more than seven years, it was sufficient. If there was anything *dehors* the record to relieve the execution from the operation of the statute, it should be shown on the trial of the issue formed upon the affidavit.
3. While new and distinct grounds cannot be added to an affidavit of illegality, unless the defendant will swear that he did not know of such grounds when the original affidavit was filed, amendments of a different character, which only alter grounds already filed, may be made without such statement.
(*a.*) Questions not made in the court below will not be decided by this court.

December 4, 1883.

Practice in Superior Court. Amendment. Illegality. Before Judge Roney. Burke Superior Court. May Term, 1883.

Reported in the decision.

Salem Dutcher, for plaintiff in error.

J. S. HOOK; HOOK & MONTGOMERY; H. E. W. PALMER, for defendant.

HALL, Justice.

This execution having been levied on the property of defendants, they, by agent, filed an affidavit of illegality thereto. In his affidavit, the agent stated that he was " advised and believed " that the same was proceeding illegally:

First. " Because no definite interest is levied on, and no definite property could be sold under the levy."

Second. " Because the execution issued in November, 1870, and there are no entries thereon since September 3, 1872, and the same is therefore barred by the statute of limitations applicable to such cases, and the judgment from which it issued has become dormant."

On the hearing, the first ground of the affidavit was withdrawn, and plaintiffs moved to dismiss as to the second ground : 1st. Because affiant does not therein swear positively that any cause exists why said execution is proceeding illegally, but simply makes oath as to what he has been advised and believes as to said *fi. fa.*; and 2d. Because the affidavit, even if positive as to the matters aforesaid, sets forth no cause of illegality known to the laws of he state.

This last ground was sustained by the court, and the affidavit was ordered to be dismissed unless the defendant would amend the same. Plaintiff objected to this leave to amend. Thereupon defendant's agent filed an amendment as follows : " James S. Hook, as agent as aforesaid, leave of the court being first had for that purpose, by way of amendment to the second ground of illegality, in order to make the same more full and certain, swears that said execution was issued, as stated in the second ground, in November, 1870, and that there is no entry on the same of any description by an officer authorized to execute and return said execution, made within seven years immediately

preceding the 17th day of March, 1881, at which said last named date the levy was made, which this affidavit of illegality was intended to meet, nor was any levy in fact made by such officer within said seven years." The amendment being allowed, plaintiffs then moved to dismiss the same, because it sets forth no new or independent grounds not contained in the original affidavit, and because affiant does not swear that the grounds thereof were unknown to him when the original affidavit was filed; at the same time they moved to dismiss the affidavit, as amended, upon the grounds taken in the motion to dismiss the affidavit as it stood before the amendment was made.

Both of these motions were overruled by the court, and the plaintiffs excepted, and brought the case to this court by writ of error.

1. There is nothing in the objection as to the form of the affidavit. After the first ground was abandoned, there was nothing in it that did not appear upon the face of the execution, which was a part of the proceeding in the case; in fact, it had to be returned to the court with the affidavit of illegality. Code, §3666; 62 *Ga.*, 288; 19 *Ib.*, 161; 65 *Ib.*, 256; 66 *Ib.*, 682. However sincerely affiant may have believed that the execution was proceeding illegally, he could not have sworn positively to that fact; that was the issue to be tried, and the court trying it was the proper tribunal to determine that question. There is nothing unusual in the form adopted; it is the customary and proper form.

2. We think there was error in requiring the amendment to be made to the original affidavit. It was, when taken in connection with the execution, sufficiently full and explicit to make the real issue presented, viz., that the judgment was dormant when the las levy was made. There had been no previous entry within the statutory period (Code, §2914); and if there was anything *dehors* the record to relieve it from the operation of the statute, that should have been shown on the trial of the issue formed upon

the affidavit. This did not appear from the proceedings in the case.

3. But it is insisted that the amendment, as made, was not allowable under the law, and that the defendants, by submitting to the direction of the court, and failing to except, waived the error to the judgment; that the right of amendment was limited to matter discovered since the making of the original affidavit, etc. Code, §3501. This section provides for amendments of the affidavit, upon motion and leave of the court, by "the insertion of new and distinct grounds, if the defendant · will swear that he did not know of such grounds when the original affidavit was filed." The provision covers only a single case; it does not preclude amendments of a different character. 8 *Ga.*, 317. 319; 63 *Ib.*, 405, 408, 409.

We have been asked to determine whether a motion to dismiss the levy might not have been sustained, upon the facts appearing upon the face of the proceedings, although the affidavit of illegality was defective and did not fairly and fully present the point, but inasmuch as the lower court did not decide it, we must also decline to do so, as there is nothing in its decision for us to review.

We can only pass upon such exceptions to its judgment as are plainly specified and cannot presume in advance that it will not properly determine them, when they shall be presented for adjudication.

Judgment affirmed.