## FRIERSON vs. ALEXANDER.

1. Where a petition was filed to have an entry dismissing a case annulled, and to re-instate the case and be allowed to try it on equitable pleadings filed therein, the petition reciting what had occurred in the case previous to the entry of dismissal, if the bill of exceptions recited the filing of such petition; that it was demurred to for reasons stated; that the demurrer was sustained and the petition refused, and assigned that judgment as error, this was a

* 73 Ga., 718.

certain and specific assignment of error, and a motion to dismiss the writ of error will not be sustained.

2. Where an equitable plea was filed, praying relief against the plaintiff, and the court held that there was equity in such plea, the plaintiff could not dismiss the case in vacation, so as to interfere with the right to a trial on the issues made under the plea.

(a.) Sections 2907, 4190, which provide that, after the defendant has filed a plea of set-off, the plaintiff cannot dismiss his action so as to interfere with the plea, without leave of the court and on terms prescribed by the court; and also that a plaintiff may dismiss his bill in term or vacation, so that he does not thereby prejudice any right of the defendant, and that, if equitable claims, by way of set-off or otherwise, have been set up by the answer, the dismissal of the bill shall not interfere with defendant's right to a hearing and trial of such claim in that proceeding, confirm the right of the defendant to have had the case re-instated, so as to have a hearing and trial on his equitable plea.

March 30, 1885.

Practice in Supreme Court. Practice in Superior Court. Equitable Pleadings. Set-off. Dismissal. Before Judge HAMMOND. Fulton Superior Court. September Term, 1884.

To the report contained in the decision, it is only necessary to add, in connection with the first division thereof, that, after reciting the bringing of the case in ejectment, the filing of the equitable plea, the demurrer thereto, which was overruled, the answer and amendment to the declaration, the dismissal in vacation, the petition by defendant to re-instate, and the making of an oral demurrer to the petition, the bill of exceptions proceeds as follows:

'The court, after argument, sustained this demurrer or objection, and refused the prayer contained in said petition. Whereupon the movant therein, T. A. Frierson, excepted, and now excepts and assigns error in the judgment aforesaid."

A motion was made to dismiss the writ of error on the ground that there was no sufficient assignment of error.

J. H. LUMPKIN; HOPKINS & GLENN, for plaintiff in error.

R. N. ELY; HILLYER & BRO., for defendants.

BLANDFORD, Justice.

The defendant in error, Mrs. Alexander, brought her action of ejectment against the plaintiff in error to recover certain land. Frierson appeared and filed an equitable plea, which was served on Mrs Alexander. This plea alleged that he was the owner of the land under a certain bond for titles, made by Mrs. Alexander to Mrs. Averill, which bond had been assigned to him; that no forfeiture had occurred under the bond, because Mrs. Alexander, after said forfeiture had occurred, if any had, stood by and permitted valuable improvements to be made on the land to the value of twenty-five hundred dollars, and had made no complaint. The plea offered payment for the land in terms of the bond, and alleged former tenders, and prayed that it be decreed that no forfeiture had occurred, or, if it had occurred, that the money which had been expended by defendant in the improvements on said land be decreed to be paid to him, in case the plaintiff was allowed to recover said land, and prayed for general relief. To this plea the defendant in error filed a demurrer on several grounds, among others, that there was no equity in the plea of the plaintiff in error. The court overruled this demurrer, and the plaintiff filed her answer to the plea, taking issue on the main allegation in the plea. There was a mistrial of the case, and, in vacation, the defendant in error dismissed her action of ejectment. This was entered on the docket by the clerk. The plaintiff in error, upon these facts, moved the court to re-instate the case, so as to be allowed to try the case made by the equitable plea and the answer thereto. The plaintiff demurred to this application; the court sustained the demurrer and refused the same; and this judgment, sustaining said demurrer and refusing to re-instates aid case, is excepted to, and the same is assigned as error.

1. The defendant in error insists that there is no sufficient assignment of error in this case, because the error

committed by the court is not specially set-out. We think that error is sufficiently assigned. The judgment of the court sustaining the demurrer to the petition of plaintiff in error, and refusing the application, is assigned as error. Whether this judgment was error depends upon the law as applied to the facts alleged in the petition. This is a certain and specific assignment of error; hence the motion to dismiss the writ of error must be overruled.*

The court below held that there was equity in the plea filed by the plaintiff in error; why should the case not been re-instated and the parties allowed to proceed to trial on the plea and answer therero? After the defendant has filed a plea of set-off, the plaintiff cannot dismiss his action without leave of the court, so as to interfere with the plea, and on sufficient cause shown, and on terms prescribed by the court. Code, §2907. A plaintiff may dismiss his bill either in term or vacation, so that he does not thereby prejudice any rights of defendant. If equitable rights, by set-off or otherwise, have been set up by the answer, the dismissal of the bill shall not interfere with defendant's right to a hearing and trial on such claims in that proceeding. Code, §4190. These sections of the Code fully confirm the right of the defendant to have had the case re-instated so as to have a hearing and trial on his equitable plea.

Judgment reversed.