### SELLERS v. SHORE.

On the death of a partner, the title to the personal assets of the firm is cast upon the survivor, who is charged with the administration of the same, first for the payment of the partnership debts, and secondly for paying over the deceased partner's share in the surplus to his legal representatives. Unless there is a surplus, none of the assets constitute any part of the estate of the deceased, and consequently they are not chargeable with the year's support allowed to his widow. That a sum of money, without specifying any fund from which it is to be raised, has been set apart to her by the ordinary in the method prescribed in section 2571 of the code, will not entitle her to recover it or any part of it from the surviving partner after he has duly administered all the assets by applying them to the partnership debts. Code, §1907; *Boone* v. *Sirrine*, 38 *Ga.* 121.                    *Judgment affirmed.*
June 8, 1892.

Year's support. Partnership. Before Judge WELL-BORN. Habersham superior court. September term, 1891.

Mrs. Sellers sued Shore, alleging that she was the widow of C. H. Sellers, and as such entitled to a year's support for herself and minor child out of his estate; that the same had been assigned her for $365, upon which she had received only $20; that when her husband died he was in partnership in trade with Shore; that they had about $1,000 assets, and that Shore took possession of all the assets and converted them to his own use; and plaintiff sought to recover from Shore the balance due her as year's support. The only question in the case arose from the following charge of the court, to which plaintiff excepted: " The claim of the widow and minor child for a year's support is superior to all debts against deceased, but not superior to partnership debts due by a firm of which deceased was a member at the time of his death. A surviving partner may control the assets of the partnership and with them pay the firm debts, and if anything be then left, he must account therefor with the representative or others interested in the estate of the deceased partner."

C. H. SUTTON, for plaintiff.

No appearance for defendant.