## MELSON *v.* THORNTON *et al.*

1. The petition set forth a cause of action as against the demurrers which were filed thereto.
2. A bill of exceptions reciting that a demurrer was heard and an order passed sustaining the same, and assigning "error upon the judgment of the court sustaining said demurrer and passing said order," specifies "plainly the decision complained of and the alleged error," and "specifically sets forth the error alleged to have been committed," within the meaning of the Civil Code, §§ 5527, 5528.
3. When the bill of exceptions in the present case is taken as a whole and in the light of the record, it can not be otherwise construed than as one in which error is assigned only upon the judgment sustaining the demurrers of the defendants who had filed demurrers; and the fact that there were three defendants and only two demurrers and it is simply alleged that the "defendants" demurred, without naming any of the defendants, does not vitiate the bill of exceptions, when from other parts of the same, taken in connection with the record, it distinctly appears that only two of the defendants filed demurrers.
4. When three defendants are sued as joint tort feasors and two of them file demurrers which are sustained, and the case is then dismissed as to the other defendant for want of jurisdiction of his person, it is not necessary for the plaintiff to except to the latter judgment in order to bring to this court for review the decision sustaining the demurrers of the other defendants. Whether a reversal of the judgment sustaining the demurrers filed by the two defendants will have the effect of reinstating the case as to the third defendant who did not demur is a question not made in the present record.

Submitted March 2,—Decided March 27, 1901.

Action for damages.　Before Judge Proffitt.　City court of Elberton.　February 14, 1900.

*Arnold & Arnold* and *Joseph N. Worley*, for plaintiff.
*Abbott, Cox & Abbott* and *Ira C. Van Duzer*, for defendants.

COBB, J.　Melson sued Little, the Elberton Oil Mill, and Thornton, alleging in his petition, in substance, as follows: The Elber-

ton Oil Mill was a corporation engaged in the manufacture of cottonseed-oil. Thornton was the president, Little was an employee, and the plaintiff had been secretary and treasurer of this corporation. At the September term, 1896, of Elbert superior court, the defendants procured eleven indictments against the plaintiff, charging him with the offense of larceny after trust. Plaintiff was not guilty of the charges set forth in the indictments, and in procuring the same the defendants were actuated by malice and had no probable cause to believe the plaintiff guilty. The prosecution was authorized by the Elberton Oil Mill, through its president, the defendant Thornton signed the indictment as prosecutor, and the defendant Little was actively instrumental in procuring the indictments and setting on foot the prosecution, suggested the same to the other defendants, and actively aided in carrying on the same. Each and all of the defendants are responsible for the indictments and instigated the prosecution, and in doing so were, singly and collectively, actuated by malice and acted without probable cause. In doing the acts above mentioned the defendants acted "together." Plaintiff was arrested under the indictments, restrained of his liberty for a while, was forced to give bond in each case and attend three terms of the superior court; and in addition to this was greatly humiliated, suffered great mental pain, and was put to great expense in employing counsel. He sues for injury to his reputation, and for punitive and exemplary damages, and lays his damages in the sum of twenty-five thousand dollars. The defendants Little and the Oil Mill each filed demurrers, which were substantially as follows: No cause of action is set forth against them. No facts are set forth which would authorize the plaintiff to maintain the action or have judgment against either of these defendants; and no facts are set forth which would constitute a prosecution of the plaintiff on the part of either of these defendants, or which show that either of them participated in the prosecution so as to be a party to the same. The defendant Thornton did not demur, but answered. The court sustained the demurrers, and in the order sustaining the same the following appears: ."It further appearing that the sustaining of the demurrers above named leaves but one defendant, to wit A. E. Thornton, and it being stated on the face of the paper that he resides in Fulton county, Georgia, and that this court has no jurisdiction of said case, it is therefore or-

dered that the same be dismissed for want of jurisdiction." The plaintiff in his bill of exceptions recites that "The defendants to said action filed a demurrer," etc., and "that the court passed an order sustaining the same," and assigns "error upon the judgment sustaining said demurrer and passing said order." In specifying the portions of the record to be transmitted to this court, "the demurrers filed in said case by the defendants A. J. Little and Elberton Oil Mill" are mentioned. There is no assignment of error on the judgment dismissing the case as to Thornton.

1. The demurrers filed, although very full, were, in effect, merely general demurrers. As against such demurrers the petition set forth a cause of action.

2. A motion to dismiss the writ of error was made upon several grounds, one of them being that "the bill of exceptions does not plainly specify the error complained of; and it does not appear from the bill of exceptions and record upon what ground or for what reason the plaintiff in error alleges that the judgment excepted to is erroneous." There is no merit in this ground. The assignment of error as it appears in the bill of exceptions is set forth above, and it is sufficiently specific.

3. It was insisted that the writ of error should be dismissed for the further reason that the bill of exceptions purports to assign error on demurrers filed by all of the defendants, when there was no demurrer as to one of them. The bill of exceptions, when taken as a whole and in connection with the record, can not be otherwise treated than as one assigning error on the judgment sustaining the demurrers which were filed.

4. It was further insisted that the writ of error should be dismissed because there was no assignment of error on the judgment dismissing the case as to Thornton. So far as the record discloses, the court dismissed the case as to Thornton on its own motion. The plaintiff did not except to this judgment, and it was not necessary that he should in order to bring the case here for determination as to the demurrers filed by the other defendants. The defendants were charged as joint tort feasors, and the dismissal of the case as to one of them for any reason would not prevent the plaintiff from proceeding against the others. The judgment dismissing the case as to Thornton, not being excepted to, is not before us for review. Whether the reversal of the judgment sustaining the de-

murrers of Little and the Oil Mill and reinstating the case as to them will have the effect of reinstating the case as to Thornton also is a question not made in the present record, and of course can not be decided now.

*Judgment reversed.   All the Justices concurring.*