## JOHNSON v. PORTER et al.

1. There was no merit in the motion to dismiss. The bill of exceptions contains a sufficient legal assignment of error. The plaintiff in an action against two or more persons may, when the same is as to one of them dismissed on demurrer, immediately bring the case to this court, in order that he may, by a reversal of the judgment, if thereto entitled, have his action reinstated and tried as a whole.

2. A devisee of real property, who has received from the executor a deed purporting to convey to her the land devised, is not estopped, either as against the executor or purchasers from him, from setting up a claim to other land devised which is not described in the deed; and this is true although the devisee had such deed duly recorded; nor is one who holds under a purchaser from the executor, relatively to the devisee, a bona fide purchaser without notice.

3. The petition in this case was not subject to demurrer because of misjoinder of parties defendant. The facts alleged show such privity between the defendants concerning the subject-matter of the suit that all could be properly embraced as defendants in one action.

Submitted March 1, — Decided April 29, 1902.

Equitable petition. Before Judge Felton. Bibb superior court. January 21, 1901.

*S. A. Reid*, for plaintiff.

*Estes & Jones* and *John L. Hardeman*, for defendants.

LITTLE, J. Annie Johnson filed an equitable petition against B. H. Marks as executor of the will of John Marks, Henry Marks, and Mrs. Annie Porter. By its allegations substantially the following case was made: John Marks by his last will and testament devised to Annie Johnson certain property, the devise under the 6th item of his will being in the following language: " To Annie Johnson, the colored woman who has so long and faithfully waited on me and in my affliction has been so kind and helpful to me, I give and bequeath that part of my property (real) near the cemetery in Macon known as tenements 7 and 8 on the alley." The will was duly probated, and B. H. Marks, the nominated executor, qualified, and afterwards made and delivered to the petitioner a deed purporting to carry into effect this item of the will. Petitioner accepted this deed, and caused it to be duly recorded in the proper office. She is an ignorant woman and can neither read nor write, and the deed was not read over to her, but, even if it had been, she could not have understood its effect. This deed did not

carry out the wishes of the testator nor convey to her the property devised by the will, but arbitrarily defined by metes and bounds a lot fronting forty feet on the alley and running back sixty feet, by which deed she obtained but one house; whereas under the terms of the will she is entitled to two houses, and lots.    Item 6th was not intended to be confined to tenements 7 and 8 on the alley, but on the contrary meant lots 7 and 8 on the alley.    There was no numbering of houses on the alley and never had been, but the lots were numbered, designated, and well known as lots 7 and 8. Subsequently to the execution of the deed from Marks, executor, to her, there was a division and settlement made by the legatees under the will, by which Henry Marks secured, with other lots, all of lots 7 and 8 except that part which had been conveyed to petitioner.    Lots 7 and 8 had on them two tenements each.    After the adjustment made by the legatees Henry Marks conveyed all of the property to which petitioner claims title, with the exception of the lot which the executor conveyed to her, to Mrs. Annie Porter, who went into possession of the same, and now claims the same in her own right.    It is charged that the deed made by Henry Marks to Mrs. Porter is fraudulent and void as to the property claimed by petitioner; and it is prayed that the will may be construed; that the deed from Henry Marks to Mrs. Porter be canceled as a cloud on her title; and that under the will of John Marks it be decreed that title to lots 7 and 8 vest in her.    By amendment it was alleged that when the testator died he was in possession of lots 1, 2, 3, 4, 5, 6, 7, and 8, of block 6 in the city of Macon; that what the executor turned over to her was not the parts of lots 7 and 8 nearest the cemetery referred to, but was a part of lot 8 on another alley, and was the southeast corner of lot 9, and was only a part of what testator left her; and that testator left no debts.    She prayed for a recovery of the balance of the property devised to her, and for mesne profits.    Mrs. Porter demurred to this petition on three grounds: (1) that the petitioner, having taken the deed described in her petition and put the same on record, is as against this defendant estopped to deny its validity, or claim other land than as therein set out, there being no allegation that the defendant, who is a purchaser for value without notice, committed any wrong.    (2) That the petition contained no cause of action against defendant.    (3) That there was a misjoinder of actions and of parties, the suit being one

against Marks as executor to compel his assent to a legacy, and also in the nature of an ejectment or complaint for land against this defendant. The demurrer was sustained, and Mrs. Porter stricken as a defendant; to which ruling the plaintiff excepted, and this is the error alleged in the bill of exceptions.

1. When the case was called in this court a motion was made to dismiss the writ of error, first, because the bill of exceptions does not contain any sufficient specification of error; second, because the case in which the bill of exceptions is tendered is still pending and undetermined in Bibb superior court, and no final judgment has been rendered therein. The bill of exceptions, after reciting the fact that the court passed an order sustaining the demurrer and striking Mrs. Annie Porter as a defendant in the case, declares: "To which ruling this plaintiff, Annie Johnson, excepted, excepts, assigned and now assigns the same as error." Under a number of decisions of this court it must be ruled that this is a sufficient assignment of error. *Frierson* v. *Alexander*, 74 *Ga.* 666; *Melson* v. *Thornton*, 113 *Ga.* 99. It is further contended that the writ of error should be dismissed, because the original case is still pending and undetermined, and that no final judgment has been rendered therein. This ground for dismissal is also without merit. In the case of *Ellis* v. *Almand*, ante, 333, it was ruled: "When in the trial of an action against two or more persons the plaintiff is nonsuited as to any number of the defendants less than the whole number of them, he may at once except and bring the case to the Supreme Court in order that by a reversal of the judgment, if he be entitled thereto, he may have his action as brought reinstated and tried as a whole." The principle here ruled controls this point against the claim of the plaintiff in error, and it need not be further elaborated.

2, 3. The court committed error in sustaining the demurrer. None of the grounds thereof presented any legal reason for the dismissal of the action as to Mrs. Porter. It is not true as a matter of law that when a devisee under a will receives from the executor a deed purporting to convey the property named in the will, the devisee is estopped from making a claim against the executor, or a purchaser from him, for other property devised, but not embraced in the conveyance, although the devisee has had such deed recorded. The devisee is entitled to claim under the terms of the

will, and is. entitled to have from the executor all the property devised to her by the will, and the taking of a deed from the executor to a part of the land devised does not affect her rights in this regard, nor would a purchaser from the executor, or from one to whom he had conveyed the property, be such an innocent purchaser without notice as would estop the devisee from asserting her claim. Such a purchaser is bound to take notice of the terms of the will, and, when he purchases it, he does so with full notice that the property has been devised, and that the executor has no right to convey it except under a sale made for the purpose of paying debts. Nor was there a misjoinder of parties in the present action. Assuming the allegations of the petition to be true, then it appeared that the executor improperly refused to assent to the legacy of the petitioner. Not only so, but, by an arrangement with Henry Marks, one of the defendants, put the title to certain land which was devised to petitioner in him, and he subsequently conveyed it to Mrs. Porter. The petition also alleges that there are no debts against the estate. If this allegation be true, then there was no reason why the executor should not have assented to the legacy. It is true that the devise did not vest title to the land in the petitioner until it was assented to by the executor, but the executor can not, by capriciously withholding his assent, destroy the legacy. Civil Code, § 3320; *Lester* v. *Stephens*, 113 *Ga.* 495. The object of the petition in this case as against the executor was to compel him to assent to the legacy; and inasmuch as, under the allegations in the petition, he conveyed to Henry Marks the property claimed, and Henry Marks conveyed it to the other defendant, Mrs. Porter, which land had been devised to petitioner, there was such privity, under the facts alleged, between the defendants as to the subject-matter of the suit — this land — as to make all the defendants proper parties to one equitable petition. Whether or not the devise to the petitioner entitles her to all of lots 7 and 8, as she claims, is a question which can properly be determined on a trial under the allegations in the petition ; and the rights of the plaintiff against each of the defendants, if she establishes the truth of her allegations, may be properly disposed of in one decree. There was, in our opinion, no misjoinder of parties in this case, and the court erred in sustaining the demurrer.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*