## 6457.   COOPER COMPANY v. LANIER.

There was no error in allowing the amendment to the affidavit of illegality, or in admitting the testimony in support thereof.

DECIDED JANUARY 11, 1916.   REHEARING DENIED FEBRUARY 28, 1916.

Appeal; from Colquitt superior court—Judge C. S. Reid. January 22, 1915.

*Titus, Dekle & Hopkins,* for plaintiff.

*W. F. Way,* contra.

BROYLES, J.   Under the facts in this case, the question is: Did the judge of the superior court err in allowing an amendment to the affidavit of illegality, which amendment did not contain the sworn statement that the defendant in fi. fa. "did not know of such grounds when the original affidavit was filed," as provided for in section 5704 of the Civil Code.   The original affidavit of illegality set out that the execution was proceeding illegally for the reason that "deponent has never had her day in court, was never served with any process, or other notice of the pendency of the suit whereon said execution is based, nor did she waive service of suit in any manner or form, nor did she appear in or defend said suit in any manner or form."   The amendment allowed did not attempt to set out any new ground of illegality, but was merely an amplification of the original grounds, showing wherein there had been no service upon the defendant, and that her signature to an acknowledgment of service and consent judgment was obtained when she was irrational and only partly conscious, and while confined to her bed by an attack of typhoid fever, and that she had no knowledge of signing the paper and would not have signed it had she been in her right mind.   This amendment was duly sworn to. "While new and distinct grounds can not be added to an affidavit of illegality, unless the defendant will swear that he did not know of such grounds when the original affidavit was filed, amendments of a different character, which only alter grounds already filed, may be made without such statement." *Inman v. Miller,* 71 Ga. 293 (3).                    *Judgment affirmed.*