KINNEY *v.* ROBINSON, executor, *et al.*

No. 11209. FEBRUARY 21, 1936. REHEARING DENIED MARCH 11, 1936.

*McCullar & McCullar,* for plaintiff.

*Sibley & Allen* and *J. Frank Bell,* for defendants.

GILBERT, Justice. The petition alleges partnership; death of one of the partners; the act of one of the defendants in illegally taking possession of the partnership assets, books, and records, to the exclusion of the petitioner, the surviving partner; that such defendant is acting in his individual capacity and also as executor of the deceased partner; that as executor he is not required under the will to make bond or returns to the ordinary; that the assets consist of choses in action; that such defendant has made conflicting statements as to what disposition he has made of such assets; that on a previous settlement the deceased partner executed a due-bill acknowledging his indebtedness to that date. The prayers are that the defendant, as executor of the estate and in his personal capacity, show cause why he should not turn all funds, books, records, property, and any bills against the partnership, which may be in his possession, over to the petitioner; that an accounting be had; that petitioner be given full control of all of the affairs of the said partnership for the purpose of winding up the business as expeditiously as possible; that Mrs. Marion Robinson, widow of the deceased partner and beneficiary under his will, be made a party to the proceedings, and be enjoined from selling, transferring, or encumbering any of the partnership funds or property of the estate of W. E. Robinson Sr., the deceased partner, pending the further order of the court; that the defendants show cause why bond for the protection of the petitioner should not be required of them by the court; that a receiver for the defendant, W. E. Robinson Jr., be appointed, if the court consider this necessary for the protection of all concerned; that W. E. Robinson Jr., as executor of the said estate and in his personal capacity, be enjoined from selling, transferring, encumbering, negotiating, or in any manner disposing of the funds or property of the partnership, or encumbering or disposing of his own funds or property, pending the further order of the court, except that petitioner does not ask that the ordinary conduct of defendant's automobile business be interfered with as to the actual buying and selling of automobiles; that W. E. Robinson Jr. be enjoined from collecting any of the remain-

ing partnership notes or mortgages or interfering with the partnership in any manner pending the further order of the court; that the petitioner be allowed reasonable attorney's fees, such other equitable relief as he may be entitled to, and such damages as the court and jury may find him to be entitled to. W. E. Robinson Jr. filed a demurrer, as follows: "1. Said petition sets forth no cause of action against this defendant and shows no right of action in law or equity of the plaintiff to the relief prayed for. 2. That said petition appears on its face to have been brought within the twelve months exemption period from suit allowed by law to executors." The record states that it was "understood that W. E. Robinson Jr., as executor, and Mrs. Marion Robinson, as executrix, each also filed the same demurrer on the same two grounds." There is also in the record a "special plea" of no partnership; but since there was no ruling thereon, it should not have been included as a part of the record specified and certified to this court. Accordingly, the plaintiff becomes liable for the costs of including such plea, whatever the judgment of this court. The court sustained both grounds of the demurrer, and the petitioner excepted. In a brief opinion the trial judge explained that the first ground of the demurrer was sustained on authority of the Code of 1933, § 3-305, and the second ground for the reason that the petitioner had an adequate remedy at law.

■ The demurrer admits all of the facts above stated. We think the court misconstrued the petition to be a suit against the estate of W. E. Robinson Sr. If that construction be correct, the dismissal was proper, because the Code of 1933, § 3-305, provides that suits against the representative of any estate may not be brought "until 12 months after the probate of the will or the granting of letters of administration." That Code provision applies to all cases where a suit seeks a recovery on some claim against the estate of the deceased. Manifestly, it affords no shield for one who, though the representative of a deceased person, wrongfully and illegally seizes and holds property that does not belong to the estate. The appointment of such legal representative gives him no authority to exercise control of the property of other persons or copartnerships. Ordinarily it only authorizes seizure of such property of the estate as he must and is entitled to have for the purpose of paying debts of the estate and expenses of administra-

tion. Every partnership is dissolved by the death of one of the partners (Code of 1933, § 75-107), unless the partnership articles stipulate otherwise, or the terms of a valid will clearly and unambiguously show a contrary intention, and such is satisfactory to the surviving partner. The petition alleges nothing that would authorize a continuance of the partnership of W. E. Robinson Sr. and the petitioner. Such being the case, the partnership assets rightfully belonged in the possession of the surviving partner, Kinney. None of the assets could ever belong to the estate of Robinson Sr. until all debts of the partnership be paid, including what may be due to the surviving partner. *Ferris* v. *Van Ingen,* 110 *Ga.* 102, 113 (35 S. E. 347). Under the allegations, it can not be ascertained whether the assets will be sufficient to pay all of such debts, and it is not necessary that the petition should go further than to show that the surviving partner has a valid claim on the assets, and that one of the defendants has illegally assumed possession. It is true that the due-bill was signed by Robinson Sr. individually. The demurrer was good as to this item; but the petition alleges, though very loosely, that the partnership owed the petitioner an uncertain sum, and, because uncertain, an accounting is sought. A copartnership accounting falls within the jurisdiction of a court of equity.

■ The prayers of the petition are in substance set out in the statement of the case, and they include a prayer for general relief. Manifestly there are prayers for relief which can not be had. The court dismissed the suit in its entirety, refusing all relief. The petition is sufficient to withstand a general demurrer, because it sets out a cause of action for some of the relief, such as possession of the partnership assets, accounting, and judgment in favor of the petitioner for such an amount as an accounting may show to be legally due him, and perhaps other relief. This court will not be more specific at this time, because it is deemed proper to refer to the learned trial judge the opportunity to exercise his discretion in regard to the receivership, the allowance of attorney's fees, and the like.

■ The judgment can not be affirmed, as insisted upon by the defendant in error, on the ground that "The assignment of error in the bill of exceptions is a single one to a collective judgment. There is no assignment of error to the sustaining of the demurrer

of each of the defendants separately," citing Johnson v. Leffler, 122 Ga. 670 (5) (50 S. E. 488). There is no merit in this contention. The case cited is not applicable. It clearly appears that the three defendants filed separate but identical demurrers. The judgment applied to all alike, and one assignment was sufficient.

*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

A rehearing is requested in the belief that the court overlooked the fact that each of the defendants was sued in different capacities, and that there was one assignment of error on one judgment sustaining the three identical demurrers to the petition, and that, the court had overlooked the authorities mentioned below; also that, according to the decision rendered, the judgment should have been reversed in part only, and not as a whole. The last ground is not important. The same result will follow whether the judgment of this court remain as rendered or be modified in accordance with the suggestion made. The decision pointed out that, as to one item in the several alleged to be due petitioner, the petition was not good. When the trial court considers the case again it will have that statement and will act in accordance therewith.

As to the ruling stated in the third headnote, we do not see how it could be otherwise. The Code of 1933, § 6-1607, provides: "The Supreme Court or the Court of Appeals shall. not decide any question unless it is made by a specific assignment of error in the bill of exceptions, *and shall decide* [italics ours] any question made by such assignment." It was ruled in the first decision by this court, reported in Truluck v. Peeples, 1 Ga. 1. In Kelly v. Strouse, 116 Ga. 872 (9), 874 (43 S. E. 280), it was said: "'This court has no authority to decide any question on any writ of error, unless there are in the bill of exceptions 'plainly and specifically set forth the errors alleged to have been committed,' and a 'special assignment of error' raising the question. The acts of 1889 and 1892 (Civil Code, §§ 5528(1) and 5584) [Code of 1933, §§ 6-801(1), 6-1607] were in this respect merely declaratory of the law of this State prior to the date of the passage of such acts, as well as of the established common-law practice." That principle has never been questioned. What has given rise to some differences is what constitutes a "plain" or "specific" assignment of error. The Code of 1933, § 6-901, requires that "bills of excep-

tions shall specify plainly the decision complained of and the alleged error." The Code of 1933 also prohibits the dismissal of "any case" for want of technical conformity to the statutes and rules, "where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided." The effect of a refusal to decide whether the case was properly dismissed by the trial court would be the equivalent in this case to a dismissal of the bill of exceptions. There is no difficulty in ascertaining "substantially the real questions" sought by the plaintiff in error to have decided. The petition sought relief against three parties. There was no demurrer on the ground of misjoinder. There were three demurrers, identical, and therefore only one was sent up in the record. There was one judgment, sustaining the "demurrers," and one assignment of error. The assignment of error is that the plaintiff in error "excepts and assigns the same as error as contrary to law." By looking to the grounds of the demurrer it is plain to us what is urged in the exceptions to be "contrary to law." The grounds of the demurrer are: (1) No cause of action. (2) The petition was brought within twelve months exemption from suit allowed to executors. The court, in dismissing the suit, stated the ground for so ruling. In these circumstances this court finds the specifications plain and specific.

Movant also insists that the assignment of error, "that the judgment is contrary to law," is insufficient, and cites *Pepper* v. *Pepper,* 169 *Ga.* 832 (152 S. E. 103), and *Woodward* v. *Williams Lumber Co.,* 176 *Ga.* 107 (167 S. E. 169). In *Melson* v. *Thornton,* 113 *Ga.* 99 (2) (38 S. E. 342), it was held: "A bill of exceptions reciting that a demurrer was heard and an order passed sustaining the same, and assigning 'error upon the judgment of the court sustaining said demurrer and passing said order,' specifies 'plainly the decision complained of and the alleged error,' and 'specifically sets forth the error alleged to have been committed,' within the meaning of the Civil Code, §§ 5527, 5528" (Code of 1933, §§ 6-901, 6-801). See also *Frierson* v. *Alexander,* 74 *Ga.* 666; *Johnson* v. *Porter,* 115 *Ga.* 401, 403 (41 S. E. 644); *Hodges* v. *Citizens Bank,* 146 *Ga.* 624, 628 (92 S. E. 49). In the first three cases just above mentioned the exception does not

even contain the words, "contrary to law." Numerous decisions before and since *Melson* v. *Thornton,* supra, might be cited. So far as we are aware, the court has departed from that ruling only in *Pepper* v. *Pepper,* cited above. How the court departed from the established rule is one of those things that can not now be explained. However, it is certain that it was decided contrary to previous cases controlling on the question. It is not supported by the cases cited therein. For the reasons stated, the matter has been painstakingly gone over, though the case itself is unimportant, and the plaintiff's petition and bill of exceptions are loosely drawn and needlessly prolix. The *Pepper* case has misled counsel for the defendant. For the benefit of the profession generally, as well as for the courts, this discussion is deemed excusable. *Woodward* v. *Williams Lumber Co.* dealt with exceptions to an auditor's report, and is not authority contrary to what is here said. The motion is denied.