## 26689. TAYLOR *v.* JORDAN.

DECIDED FEBRUARY 5, 1938.

*William A. Thomas,* for plaintiff in error. *Lawton Nalley,* contra.

FELTON, J. P. D. Taylor filed the following affidavit of illegality in the municipal court of Atlanta (caption and number omitted) : "Comes now P. D. Taylor and pursuant to the law of Georgia in such cases provided and files this his affidavit of illegality in the above-stated matter and for illegality shows: That it is true that W. E. Jordan had a judgment against him for the sum of $103.49 but that the same has been paid and is no longer due by virtue of the fact that on the 25th day of March, P. D. Taylor procured another judgment and fi. fa. against W. E. Jordan for a larger sum, to wit: $115 principal, $48.30 interest and $9.50 costs in the municipal court of Atlanta in suit number 114720, and that therefore P. D. Taylor owes W. E. Jordan nothing and P. D. Taylor prays that this be adjudicated in the premises according to law in such cases provided." Jordan filed a written mo-

tion to dismiss the affidavit on the grounds that it was not sufficient in law, that it nowhere refers to a levy, that there is no claim by the defendant that the property in question was his, and that there was no allegation that the fi. fa. issued illegally or was proceeding illegally and that no ground was assigned for either. Taylor tendered an amendment as follows: "That the levy made upon his 1936 model DeSoto deluxe sedan automobile June 12, 1937, is proceeding illegally, said levy having been made by J. M. George, marshal of the municipal court of Atlanta, through and by his deputy marshal E. E. Schanck." The amendment was disallowed and the illegality dismissed. To these rulings Taylor excepted.

1. It was error to disallow the amendment and dismiss the illegality. The original affidavit was entitled in the cause which contained the fi. fa. number. This made the execution a part of the record in the case, together with the entry of levy. The amendment was actually unnecessary, because, while the original affidavit did not specifically state the execution was proceeding illegally, its allegations necessarily imported such a conclusion. It set up no new ground and no amendment was necessary. *Cooper Co.* v. *Lanier,* 17 *Ga. App.* 688 (87 S. E. 1092); *Mayor &c. of Savannah* v. *Wade,* 148 *Ga.* 766 (98 S. E. 464). Payment of the execution levied is a good ground of illegality (*Register* v. *Southern States Phosphate &c. Co.,* 157 *Ga.* 561, 122 S. E. 323; *Griffin* v. *Frick & Co.,* 97 *Ga.* 219, 23 S. E. 833), and resort to equity is not necessary. Mutual demands extinguish each other by operation of law, without waiting for any act of the parties. *Skrine* v. *Simmons,* 36 *Ga.* 402 (91 Am. D. 771). We can imagine no more effective payment than the rendition of a larger judgment against the plaintiff in a smaller one, in favor of the defendant in the latter. While it has been held that an unliquidated demand may not be plead by illegality against an execution, *Wood* v. *Rome,* 24 *Ga. App.* 115 (100 S. E. 74); *Hawkins* v. *County of Sumter,* 57 *Ga.* 166; *Leavel* v. *Frey,* 133 *Ga.* 723 (66 S. E. 916); *Register* v. *Southern States Phosphate &c. Co.,* supra, we do not find that such has been ruled with reference to a liquidated demand such as a judgment.

The judge of the municipal court of Atlanta erred in disallowing the amendment and in dismissing the illegality, and the ap-

287

pellate division of said court erred in affirming such action.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*