27760.   ROBERTS *v.* FIRST NATIONAL BANK OF CARTERSVILLE *et al.*

Decided November 8, 1939.   Rehearing denied December 9, 1939.

*W. A. Ingram,* for plaintiff.

*Neel & Ault, Finley & Henson,* for defendants.

SUTTON, J. The sole question involved in the present case is whether or not, under the agreed statement of facts, a set-off was permissible, and whether or not the court erred in directing a verdict for the defendants.

In October, 1907, Roberts & Maxwell, a partnership composed of W. W. Roberts and H. R. Maxwell, had a deposit in the Bank of Cartersville, Cartersville, Georgia, in the sum of $744.60, representing three separate prior deposits from an undisclosed source. Maxwell was also a member of another partnership, Maxwell Brothers, and it was agreed between the members thereof that such partnership should be entitled to the profits and income from any other business received by any member of the partnership of Maxwell Brothers. H. R. Maxwell died on August 27, 1924, and W. W. Roberts died on April 27, 1927, both dying without having distributed or in any way interfered with the fund credited in the name of Roberts & Maxwell. In 1929 the Bank of Cartersville was consolidated with the First National Bank of Cartersville. At the time of the death of Roberts the Bank of Cartersville, the predecessor bank, held a judgment fi. fa. against Roberts individually, issued on July 2, 1920, based on a judgment obtained in the city court of Cartersville for the principal sum of $392.16, with interest to date of judgment, $188.62, and bearing interest from the date of judgment at the rate of 8% per annum, together with costs of court. This judgment had been kept in life, and was an outstanding obligation against Roberts at the time of his death in 1927. In May, 1936, the estate of Maxwell Brothers was being wound up by Mrs. Alma Maxwell and Murray Upshaw, as receivers, and on May 7, 1936, the First National Bank paid to said receivers the sum of $372.30, representing one half of the deposit admitted to be due H. R. Maxwell. An entry was then made on the journal of the bank, applying the other half of the deposit, $372.30, against the amount of the fi. fa. held by the bank.

On May 28, 1936, a year's support was regularly set aside in the court of ordinary to the plaintiff in the present case, the widow of W. W. Roberts, in the sum of $372.30, the judgment

being based on the award of the appraisers as follows: "The sum of $372.30 in cash deposited in the First National Bank of Cartersville, Georgia, to the credit of Roberts & Maxwell, a partnership composed of W. W. Roberts Sr. and H. R. Maxwell, the said $372.30 being a one-half interest belonging to the said W. W. Roberts Sr., there having been on deposit in said account the sum of $744.60, the said $372.30 hereby set apart being all of the estate of said W. W. Roberts at the time of his death." At the time of the death of Maxwell and Roberts there was no outstanding indebtedness against the partnership of Roberts & Maxwell, and there were then no assets belonging to the partnership other than the amount standing upon the books of the bank to its credit. On October 13, 1937, Mrs. W. W. Roberts, the widow, brought this action, naming the First National Bank and the receivers of Maxwell Brothers defendants. She alleged that the bank held the partnership deposit under a claim of ownership and refused to pay her demand, and prayed that the bank be required to pay the deposit into court, that an accounting be had between her and the receivers of Maxwell Brothers, and that her year's support be paid to her out of the fund. On the hearing the court directed a verdict in favor of the defendants, and the exception here is to the judgment of the court overruling the plaintiff's motion for new trial.

"The surviving partner, in case of death, may control the assets of the firm to the exclusion of the legal representatives of a deceased partner, and he shall be primarily liable to the creditors of the firm for their debts. Where partnerships have been, or shall be, dissolved by the death of one or more partners, and all the debts of the firm are paid, the assets of the firm, as far as possible, may be divided in kind between surviving partners and the representatives of the dead partners by three disinterested appraisers, chosen by the parties as arbitrators or appointed by the ordinary of the county where the survivors reside, either in term or vacation, on application of either party, said appraisers to be sworn to make a. fair appraisement and division to the best of their ability; and after such division, the representatives of the dead partners may sue in their own names upon all choses in action assigned to them in the division." Code, § 75-208. "Title to personal property shall vest in the surviving partners, who have the right to dispose thereof for paying the debts and making distribution." Code,

§ 75-209. "Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." Code, § 20-1302. "Set-off must be between the same parties and in their own right. If originally otherwise, but at the commencement of suit equitably within this rule, they may be set off. Thus, a claim against a partnership may be set off against a surviving partner in a suit brought in his own right; and a debt due to a principal may be set off in a suit against principal and surety." Code, § 20-1303. In *Backer* v. *City Bank & Trust Co.*, 180 *Ga.* 672 (180 S. E. 604, 108 A. L. R. 769), cited and relied on by the defendants in error as conclusive of the question here presented it was ruled: "1. Where a depositor in a bank, who also is indebted to the bank on a matured promissory note for a sum in excess of such deposit, dies, the deposit does not become an asset of the estate left by him, so as to be subject to be set apart as a year's support for his widow and minor child. 2. In such a case it is not necessary for the bank to affirmatively exercise its right to set off the matured debt due by the depositor as against his general deposit, but upon the death of the depositor such deposit account becomes extinguished in so far as any creditor of the deceased depositor is concerned. The bank's failure to affirmatively exercise this right would not render the deposit account subject to the claim of the wife and minor child of the deceased depositor for a year's support."

The plaintiff in error contends, however, that these rulings should not be applied in a case where the deposit is due to a surviving partner, in that in the *Backer* case the deposit was owned by the depositor individually and the debt to the bank was owed by him individually, whereas in the present case the surviving partner, while holding the title to partnership assets, holds it only for the limited purpose of controlling the assets and making distribution, that in winding up the partnership affairs he is not acting in his own right but in the capacity of trustee, that he could not claim any part of the assets in his own right until a distribution had taken place or, the firm debts having been paid, when the assets had been divided in kind as authorized under Code, § 75-208, that, consequently, not acting in his own right there were no mutual demands that could be set off as between the bank and W. W. Roberts, the surviving partner. It is further contended that a set-off does not

take place automatically, but only after being affirmatively pleaded and allowed, and that in the present case the year's support had intervened as prior claim before the set-off was pleaded by the defendant bank.

Whatever merit there may be generally in the contentions of the plaintiff in error, we think that under the special facts of this case the court properly directed a verdict in favor of the defendants. "Every partnership is dissolved by the death of one of the partners (Code of 1933, § 75-107), unless the partnership articles stipulate otherwise, or the terms of a valid will clearly and unambiguously show a contrary intention, and such is satisfactory to the surviving partner." *Kinney* v. *Robinson,* 181 *Ga.* 837, 840 (184 S. E. 616, 104 A. L. R. 888). This being true, under the facts of the present case the assets of the partnership of Roberts & Maxwell rightfully belonged in the possession of the surviving partner, W. W. Roberts. Moreover, under the statute and many decisions thereunder he held the legal title thereto. In *Sellers* v. *Shore,* 89 *Ga.* 416 (15 S. E. 494), it was held: "On the death of a partner, the title to the personal assets of the firm is cast upon the survivor, who is charged with the administration of the same, first for the payment of the partnership debts, and secondly for paying over the deceased partner's share in the surplus to his legal representatives. Unless there is a surplus, none of the assets constitute any part of the estate of the deceased, and consequently they are not chargeable with the year's support allowed to his widow." See also *Boone* v. *Shirrine,* 38 *Ga.* 121; *Kinney* v. *Robinson,* supra. Hence, if no surplus existed in the Roberts & Maxwell partnership, a year's support to the widow of Maxwell or to the widow of Roberts could not operate as a lien upon the assets of the partnership. The year's support awarded to the plaintiff in the present case could only be carved out of or set aside or apart from the estate, or assets of the estate, of the decedent, and his estate would derive none of the assets of the partnership except by proper distribution after it appeared that a surplus existed. Inasmuch as there were no debts against the partnership and no assets except the bank deposit of $744.60, the year's support awarded the plaintiff could be realized only from this fund and only after one half of it had passed into the estate of Roberts by way of proper distribution.

It appears from the record that at the time of his death the

bank held a judgment fi. fa. against Roberts, who survived Maxwell, and that after the bank paid the receivers of Maxwell Brothers, who were entitled under the Maxwell Brothers partnership agreement to any share of H. R. Maxwell in the assets of Roberts & Maxwell, $372.30, the balance of the deposit of $744.60, that is, $372.30, was less than their demand against Roberts. Inasmuch as there existed against the partnership no claims, legal or equitable, and the bank had paid to the proper parties the sum that Maxwell, if alive, could have claimed out of the deposit, upon a distribution thereof, the remainder of the deposit, if collected by Roberts in his lifetime, would constitute assets which would belong entirely to him if no offset could properly be made against it. Roberts died before the receivers were paid the amount of H. R. Maxwell's share, but, in respect to the claim of Roberts' widow, Roberts' right to claim the balance of $372.30 as his own was the same as if Maxwell's share had been paid to the proper parties before Roberts died. When Maxwell died the deposit of $744.60 was in bank, and at that time the bank held the unsatisfied judgment fi. fa. against Roberts. Inasmuch as, for the reasons above shown, the balance of $372.30 would have belonged to Roberts in his own right if Maxwell's share had been paid, the demands of both Roberts and the bank, after the death of Maxwell, would have been mutual and in their own right, and as at that time an automatic set-off would have taken place by operation of law (*Skrine* v. *Simmons,* 36 *Ga.* 402, 404, 91 Am. D. 771; *Backer* v. *City Bank & Trust Co.,* supra; *Taylor* v. *Jordan,* 57 *Ga. App.* 285, 286, 195 S. E. 215), no part of the original deposit fund would have vested in him, but the balance remaining after the payment of Maxwell's share would belong to the bank by reason of the set-off. The bank did in fact pay Maxwell's share to the proper parties on May 7, 1936, before the widow of Roberts had been awarded a year's support, and at that time the situation between it and the estate of Roberts was the same as it would have been if Maxwell's share had been paid before the death of Roberts. After the payment of Maxwell's share, if not before, an automatic set-off took place by operation of law as to the amount due by the bank to the partnership originally and the amount due by Roberts to the bank. In these circumstances the balance of the deposit, $372.30, was extinguished and was not subject to the widow's claim of year's support. Consequently, the

court did not err in directing a verdict in favor of the defendants and in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I do not think that the principle announced in the case of *Backer* v. *City Bank & Trust Co.*, supra, is applicable in this case. The two fundamental and controlling reasons underlying that ruling are (1) that an automatic offset occurs when the demands are strictly mutual, and (2) that the depositor could not, for the above reason, have recovered his deposit in his lifetime while he owed the bank an amount equal to or larger than his deposit. Neither one of these factors is present in this case. A surviving partner takes title to certain assets of the partnership as *trustee* and not in his individual right. He can not legally apply such assets to the payment of his own debts or to those of his deceased partner. Before the death of either partner the partnership could have recovered the assets from the bank. After the death of one partner the surviving partner *as such* could have recovered them unless, of course, a court ordered some kind of offset upon equitable principles. It would not have been an automatic offset. Upon the death of one partner the title to certain assets passes to the surviving partner as trustee, and upon his death the title passes to his personal representative as a substitute trustee. The title to each partner's share does not pass to the partner or the estate of deceased partners until a division has been made under Code, § 75-208, or by an agreement by parties having the right to enter into it, or by authority of judicial decree. There may be other ways of division but none has been pursued in this case.

As I see the case, there was no recognized division of the partnership assets prior to the death of the surviving partner which put the title into him individually. It therefore follows that if the title to the deposit was not in him individually at his death the title necessarily had to go into his estate, and when it did the superior right of a year's support attached. I do not think that Code, § 20-1303, changes the contention here made. A claim against a partnership may be set off against a surviving partner in a suit brought in his own right by virtue of Code, § 75-208, but if this can be done as against creditors having a superior claim to his individual assets it can not be done without positive judicial decree. If the surviving partner had a deposit in a bank and a creditor of

his garnisheed the bank it does not seem that the bank could set off against the deposit a claim it had against a surviving partner on a partnership obligation. To permit such automatic set-offs as are involved here in any judgment will revolutionize the law of priorities in ways almost too numerous to mention. In this case there was a surplus over partnership debts to which the right of year's support attached. The bank, by paying out Maxwell's share, could not retroactively put title to Roberts' share in him as of a time before his death.

The majority opinion says "Roberts died before the receivers were paid the amount of H. R. Maxwell's share, but, in respect to the claim of Roberts' widow, Roberts' right to claim the balance of $372.30 as his own was the same as if Maxwell's share had been paid to the proper parties before Roberts died." This statement is correct so far as Roberts' *right* to claim his share of the fund is concerned, but it is not accurate, in my judgment, as stating the correct situation as to the title to the claim for Roberts' share when it was not divided before the death of Roberts. If the title to the claim to Roberts' share had passed to him individually before his death then of course the bank could have applied his deposit to its judgment. But the title did not go into Roberts individually before he died, and consequently it necessarily had to come into his estate before it could be in a place where the bank could even reach for it, so to speak. The bank's payment of Maxwell's share did not affect the title to the claim for Roberts' share. To hold otherwise would be to hold that a party by its act and design can "manipulate the law" and destroy the most favored of its priorities and rights, the right of a year's support. It will be a dangerous precedent to declare that parties themselves may set off demands which are not strictly mutual or that such a set-off is automatic. The meaning of Code, § 20-1303, seems to me to be that a court may decree a set-off where the circumstances at the beginning of a suit put the demands upon a mutual basis upon equitable principles. A court, in considering whether to grant such a set-off, must necessarily be bound by intervening priorities and liens. Equity follows the law. It does not destroy it.