## WHITELEY vs. ALSTON et al.

There was no abuse of discretion in granting a new trial in this case.
Judgment affirmed.

October 2, 1884.

BLANDFORD, Justice.

---

THE MAYOR, etc., OF BRUNSWICK vs. MOORE, executrix.

Complaint was brought on an open account, and the case was submitted to the presiding judge, without a jury, by agreement. The facts were agreed on, except certain provisions of the ordinances of the city of Brunswick, which were introduced in evidence. The judge rendered judgment for the plaintiff for a specified amount. Defendant excepted, and assigned error in the following words: " Defendant in said case excepted, and now excepts, to said judgment, and assigns the same as error :"

Held, that this was too general an assignment. It should have stated wherein the error of such judgment consisted, and shown whether it attacked the amount of the finding, or the judgment as finding on facts or on law. Hall et al. vs. Huff et al., infra.
Writ of error dismissed.

January 21, 1885.

---

## HALL et al. vs. HUFF et al.

A bill was filed to cancel a number of deeds to real estate, held by different persons, or to recover damages against the makers of the deeds, in case they were not cancelled. On the trial, the jury found a verdict in answer to certain special questions in respect to fraud, notice, etc. The decree adopted the findings of the jury, and adjudged the title of the defendants good against the complainants Exception was taken to this, and the assignment of error was as follows: " To which judgment and decree the complainants excepted, and now except, and assign the same as error :"

Held, that such an assignment of error was too general. It is incumbent on the plaintiff in error to specify plainly the decision complained of, and the error alleged to exist therein; and unless this is done, the case cannot be considered by this court. Code, §4251; Higgins vs. Cherokee R. R. Co., 73 Ga., 149; 60 Id., 407.
Writ of error dismissed.