THE GEISER MANUFACTURING CO. *v.* JONES & TOOLE.

A guarantor of the payment of a promissory note, payable at a chartered bank, is not an indorser within the meaning of that provision of the constitution which authorizes suit against indorsers to be brought in the county of the residence of the maker. Consequently, where suit was brought by the G. Co. against B. as principal, and J. & T. as indorsers, in the county of B.'s residence, J. & T. residing in another county, upon a promissory note payable at a chartered bank to plaintiff or order, signed by B. and having thereon the following signed by J. & T.: "For a consideration not herein named, we guarantee the payment of this claim" to the G. Co., the declaration was demurrable for want of jurisdiction as to J. & T., the guarantors.

March 26, 1892. Argued at the last term.

Promissory note. Indorsement. Guaranty. Jurisdiction. Before Judge FORT. Stewart superior court. April term, 1891.

Action against Mrs. Burts as maker, and Jones & Toole as indorsers, upon promissory notes. The declaration alleged that Mrs. Burts was of Stewart county where the action was brought, and that Jones & Toole were of Troup county. The notes were of the same date, with different dates of maturity. They were signed by Mrs. Burts alone. Following is a copy of the material portion of them: "I severally and jointly

promise to pay the Geiser Manufacturing Company or order, at the Merchants and Mechanics Bank of Columbus, Ga., . . for value received. We, the drawer and indorser of this note, hereby waive presentment for payment, and notice of protest for non-payment of same." There was a waiver of homestead, a reservation of title to certain machinery for · which the notes were given, until paid, and if not paid at maturity the machinery was to be at the disposition of the Geiser Company or order, "and for deficit hold ourselves equally responsible until paid in full." On each note was the following, without date, signed by Jones & Toole: "For a consideration not herein named, we guarantee the payment of this claim to the Geiser Manufacturing Co." On demurrer by Jones & Toole, for want of jurisdiction, the case was dismissed as to them, and the plaintiff excepted.

C. J. Thornton, by Harrison & Peeples, for plaintiff.
Little & Wimbish, by brief, for defendants.

Bleckley, Chief Justice.

In the creditor it is a necessary right to sue somewhere; in the debtor it is a convenient and reasonable right not to be subject to suit everywhere. In this State these respective rights have been deemed of sufficient importance to be brought under regulation by fundamental law. The constitution subjects every debtor to suit in the county of his residence, and exempts him from suit in any other county. This is the general rule, and in the case of a sole debtor, the universal rule. Code, §5172. But there are some exceptions when there are more debtors than one. The only exception now to be considered is expressed in these words: "Suits against the maker and indorser of promissory notes, . . residing in different counties, shall be brought in the

county where the maker  .  .  resides." Code, §5171. Whether the present case falls within this exception depends on the question whether Jones & Toole, declared against as indorsers, are such in fact, or whether the terms of their contract render them liable to the plaintiffs, not as indorsers, but as guarantors only. By its very nature a contract of indorsement cannot be entered into with the payee of a promissory note as indorsee; but a contract of guaranty may be made with him as well as with any subsequent holder. Nor does the mere indorsement of a contract upon a note render the signer of the contract an indorser, within the legal and proper meaning of the term. It is true that in a physical sense he is an indorser by the mere position of his name on the paper; but we apprehend that the constitution intends by the term "indorser" to refer to a person who has entered into a contract of indorsement as distinguished from contracts of a different class. Had the Geiser Manufacturing Company, the payee of these notes, signed a contract upon them with a third person in the terms of that placed thereon by Jones & Toole, and had then or afterwards negotiated them to such third person, the Geiser Company could, under our law, be sued and made answerable as indorser. *Vanzant* v. *Arnold*, 31 *Ga.* 210. But even then, *according to the law merchant* as expounded by the Supreme Court of the United States in Trust Company *v.* National Bank, 101 U. S. 68, the contract would not be one of indorsement, but one of guaranty only. A contract of indorsement is one of negotiation; where there is no negotiation either real or apparent, that is, either in substance or in form, there can be no such contract. In *Vanzant* v. *Arnold, supra*, the notes were negotiated, and consequently it was consistently and rightly held that the payees made a contract of indorsement, though the terms of it were special and somewhat different from those which the law merchant

would imply. In the present case, strangers to the paper entered into an express engagement with the payee at the time the notes were executed (for, as no other date appears, that is presumptively the time) to guarantee payment. Why should it not be held that the parties, one and all, contemplated the class of contract which the words they employed, naturally and fairly construed, import, to wit a contract of guaranty? This is the better and the safer construction.

Jones and Toole being guarantors, not indorsers, were exempt from suit in any county of the State, except in Troup where they resided. The defect of jurisdiction as to them appearing upon the face of the declaration, could be taken advantage of by motion. Code, §3462. And the best form of motion, as applied to pleadings for want of sufficiency or validity, is a demurrer.

*Judgment affirmed.*