EVANS & PENNINGTON *v.* BEDDINGFIELD *et al.*

Where an affidavit for the foreclosure of a special mechanic's lien showed upon its face that the parties asserting such lien were not mechanics, but proprietors of a sawmill, and that the work they did was simply sawing timber into lumber upon which they were seeking to enforce a lien as mechanics, it was not error to sustain a special demurrer to such affidavit, on the ground that the plaintiffs had no lien as mechanics, but, if they had any lien at all, it was as proprietors of a sawmill.

Argued February 1, — Decided March 15, 1899.

Foreclosure of lien. Before Judge Gamble. Jefferson superior court. May term, 1898.

*Hudson & Wright,* for plaintiffs.
*Phillips & Phillips,* for defendants.

LEWIS, J. It appears that Evans & Pennington, through their attorneys, made affidavit for the purpose of foreclosing a special mechanic's lien, asserting that they were mechanics and, as such, made a contract with the defendants to saw and manufacture for them a certain quantity of lumber at a stated price; that they had fully complied with their contract by cutting from the land of the defendants the timber and converting the same into lumber at their sawmill; that they had retained possession of the lumber and thereby set up their lien thereon; and that the affidavit was made for the purpose of foreclosing their special mechanic's lien upon this property. A fi. fa. was issued by the judge of the county court accordingly and levied upon the property mentioned in the affidavit. Thereupon the defendants filed a counter-affidavit, and the case was appealed to the superior court. On the hearing there, the

judge sustained a demurrer filed by the defendants to the affidavit of foreclosure. One ground of the demurrer was as follows: "The lien foreclosed is foreclosed as a mechanic's lien, when the facts stated in the affidavit show that if plaintiffs have any lien at all, it must be as sawmill men, since the facts stated in their affidavit of foreclosure show they are not in any sense mechanics, but sawmill men."

Under the view we take of this case, it is. unnecessary to consider the questions raised by the other grounds of the demurrer. We think the special ground just quoted clearly required the judgment of the court below, sustaining the demurrer and dismissing the affidavit of foreclosure. In the case of *Murphey* v. *McGough*, 105 *Ga.* 816, this court held, that by virtue of section 2807 of the Civil Code the proprietors of a sawmill can assert a lien on the product of their mill for work done on material furnished by others. This decision was put upon the ground that a sawmill is a similar establishment to a planing-mill, and therefore comes within the terms of that section. It follows that the plaintiffs in the present case, under the facts alleged in their affidavit, might properly have asserted a lien upon the property in question as proprietors of a sawmill, but they could not set up any valid lien as mechanics. They were in no sense of the term "mechanics." Their lien existed by virtue of the fact that they were conducting a sawmill, and grew out of the contract they made as the proprietors thereof with the owners of the timber. Under the uniform rulings of this court, the summary remedies allowed by law for the enforcement of special liens of this character should be strictly construed, and an affidavit for the foreclosure of such a lien should clearly and unequivocally set forth its character. There is a provision of the code giving mechanics a lien upon personal property for work done thereon in manufacturing or repairing the same, while there is another section of the code giving a similar lien to the proprietors of planing-mills and "other similar establishments"; yet nowhere are they placed by the statute in the same class. The one has his lien by virtue of his occupation and work as a mechanic; the other has a lien growing out of an occupation and business relation entirely different. In the

case of a mechanic, it is necessary that he should be an operative engaged in a business requiring some particular skill in doing the work by virtue of which the law creates in his favor a lien. On the other hand, the sawmill man has a lien by virtue of his ownership of the machinery which converts timber into lumber, and not by virtue of any labor he may perform as a mechanic in operating the machinery.

We do not say that the defect in the affidavit filed in the present case might not have been cured by amendment; but no amendment having been offered, and the affidavit being specially demurred to because of the fatal defect above pointed out, there certainly was no error in the judgment complained of.

*Judgment affirmed. All the Justices concurring.*