STANTON *et al. v.* WALTON COUNTY BANK *et al.*

No. 6864.   SEPTEMBER 11, 1929.

42

*H. C. Cox, E. W. Roberts, S. Holderness, Miles W. Lewis,* and *Little, Powell, Smith & Goldstein,* for plaintiffs in error.

*Orrin Roberts, C. N. Davie, J. F. Kemp,* and *R. H. Kimball,* contra.

PER CURIAM. ■ ▪ The petition filed by the Bank of Walton County and the State Superintendent of Banks alleged the facts on which judgment was sought against the defendant. There is no allegation in the petition which can be construed as a contention that the contract sued on is either one of indemnity or of surety. The demurrer to the petition contained the usual general grounds and several special grounds. The general grounds merely attack the petition on the claim that it sets up no cause of action. None of the special grounds make any reference to the subject of indemnity or surety. The Court of Appeals expressly ruled on that issue, apparently without any suggestion that the

question was res adjudicata. This court likewise holds that the question was not res adjudicata. Moreover, due to the disposition of the case, the above-stated question becomes of no practical importance.

▪ ■ There are recognized distinctions and also points of resemblance between what constitutes contracts of indemnity and of surety and of guaranty. In so far as it may affect this case, it is not necessary to define either, since the result does not depend upon whether the contract may fall within the definition of either one or another of such classes of contract. Parties to either class of such contracts may effect a novation, and in such event the newly-made contract will supplant the former and become binding in its stead.

■ The judgment of the Court of Appeals was not erroneous in holding: "A settlement of the indebtedness represented by the notes, by an acceptance of property by the bank from the makers in payment of the indebtedness, amounts to a settlement and discharge of the indebtedness, and to a release of the obligors under the contract of indemnity. This is true notwithstanding some of the obligors may have been members of the board of directors, or consented to the settlement, provided, in so doing they committed no fraud on the bank. If the settlement was made bona fide and the bank received full value in payment of the indebtedness, there was no fraud as against the bank upon the part of the directors consenting thereto, who were parties to the contract of indemnity, and they therefore, under such circumstances, would not be estopped from setting up the settlement as a release of their liability under the contract of indemnity. *Ruffner* v. *Sophie Mae Candy Corporation*, 35 *Ga. App.* 114 (4) (132 S. E. 396)."

■ The Court of Appeals did not err in holding: "If, however, the property received by the bank in settlement of the indebtedness represented by the notes was not reasonably worth the amount of the indebtedness, its acceptance by the officers of the bank in full settlement of the indebtedness, if not done bona fide and in the interest of the bank, amounted to a fraud upon the bank; and the guarantors upon the contract of indemnity, who were directors of the bank, unless they were not responsible for the contract of settlement, would be estopped from setting up the set-

44

tlement in discharge of their obligations on the contract of indemnity. See article 19, section 11, of the banking act approved August 16, 1919 (Ga. L. 1919, pp. 135, 196)."

■ Other grounds of the petition for certiorari do not show error. The judgment of the Court of Appeals reversing the judgment of the trial court is affirmed.

*All the Justices concur, except Hines, J., dissenting.*