No. 10631. MARCH 15, 1935.

*C. C. Crockett,* for plaintiff. *L. F. Watson,* for defendant.

UNION BANKING COMPANY *v.* ABERCROMBIE *et al.*

BELL, J. 1. An assessment by corporate action against the stockholders of a bank, to make good an impairment of capital, under sections 1, 2, and 3 of article 6 of the banking act as amended (Ga. L. 1919, p. 152; Ga. L. 1925, p. 126), has for its purpose the enabling of the bank to continue business as a going concern, and to protect the public who may not be aware of such impairment. It is different from an assessment by the superintendent of banks under section 20, article 7 (Ga. L. 1919, p. 160), which is made as an incident of liquidation, and is intended to create a fund for the payment of depositors. *Smith* v. *Mobley*, 166 *Ga.* 195 (143 S. E. 116); *Reed* v. *Mobley*, 172 *Ga.* 116 (157 S. E. 321); *Smith* v. *Bennett*, 41 *Ga. App.* 693 (154 S. E. 289); Andrews *v.* Blair, 124 Ohio St. 348 (178 N. E. 581, 83 A. L. R. 141).

2. In a suit by a bank against a number of its stockholders, brought in equity to avoid a multiplicity of actions, to recover upon an alleged assessment to restore an impairment of capital, where it appeared from the evidence that the assessment was made after the bank, with money borrowed from another bank upon a pledge of all of its assets, had paid

**492**

its depositors and other creditors in full, and was continuing in business solely for the purpose of assisting in collecting the debts assigned to the other bank and for liquidation, the court did not err in awarding a nonsuit and dismissing the case, it appearing that the assessment was not made, and under the facts could not have been made for any purpose contemplated by law, and that none of the defendant stockholders concurred therein.

3. Whether or not the defendant stockholders might have been held liable if they, as did others, had agreed with the pledgee bank to make the assessment, if necessary, to repay the loan obtained from such bank, the record in this case fails to show any such agreement by them, or that there was ever any meeting of the stockholders at which it was agreed to make such assessment for the benefit of the pledgee bank. The evidence of a meeting of the stockholders "when they voted voluntary liquidation" and agreed to pledge the assets, a majority voting "to go ahead and do it," did not show an agreement by any of such stockholders to make an assessment in addition to the pledge; and the defendant stockholders were not bound or estopped by the express written agreement made by other stockholders as a part of the pledge agreement.

4. Nor are the defendants estopped because they may have been relieved of the necessity of an assessment to pay depositors. "Stockholders of a banking company have the privilege of declining to levy assessments under article 6 to make good the impairment of the capital stock thereof after notice by the superintendent of banks, and of electing instead to allow the bank to be liquidated and to submit to an assessment made by the superintendent under article 7 of said banking laws." *Smith* v. *Mobley*, supra. The evidence shows that this right of election was destroyed so far as the defendant stockholders were concerned.

5. The evidence failed to show a valid assessment, and disclosed no ground upon which the defendants should be estopped from denying its validity. The court properly granted the nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 10424. MARCH 16, 1935.

*H. C. Cox* and *Orrin Roberts,* for plaintiff.

*E. W. Roberts, A. M. Kelly, Clifford Pratt, Robert L. Russell,* and *W. H. Key,* for defendants.