## SHERRILL *et al. v.* SHERRILL.

No. 15813. MAY 16, 1947.

*R. E. Kirby* and *Wood & Tallant,* for plaintiff in error.

*William E. Spence, A. L. Henson,* and *J. C. Minor,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ Counsel for the plaintiffs in error contend in their brief that the court erred in overruling a motion to dismiss the petition for the writ of habeas corpus because it contained no prayer for the custody of the child involved. Since no error is assigned in the bill of exceptions upon a judgment overruling such a motion, this court can not pass upon that question.

■ On February 10, 1947, the court awarded the custody of the child in question to the petitioner, but by the order fixed certain dates when he should visit the respondents, its paternal grandparents. Two days later a second order was granted, making the same award as to custody, but making certain changes in the dates when the child was to visit his grandparents. Counsel for the defendant in error point out in their brief that the second order was granted to correct an error which had been made in the preparation of the first order, and to make the judgment speak the finding of the judge as he had orally announced it to be. Counsel for the plaintiff in error take the position in their brief that the two judgments are in conflict; that the court had no authority to grant the second order without a petition therefor and without first vacating the prior judgment. The assignment of error was as follows: "To which judgments granting and awarding the custody of said child, Michael Sherrill, to the plaintiff, the defendants, the plaintiffs in error in this bill of exceptions, Harry Sherrill and Cora Sherrill, then and there excepted, and now except, and assign the same as error as being contrary to law and evidence in said case, and they say that said judgment then and there should have been in favor of the defendants and should have awarded the custody of said child to the defendants, plaintiffs in error; and defendants further except to the order of the court passed on the 12th day of February, 1947, and defendants excepted to said order at the time that they received notice of the same and that they now

except to said order." A bill of exceptions must plainly specify, not only the decision complained of, but the error alleged to exist therein, and without a compliance with that requirement this court can not consider the points made under such general exceptions. *Mayor &c. of Brunswick* v. *Moore*, 74 *Ga.* 409; *Hall* v. *Huff*, 74 *Ga.* 409; *Higgins* v. *Cherokee Railroad*, 73 *Ga.* 149. It is our opinion that the assignment of error in the instant case was too general to present a question for decision by this court on the points urged by the plaintiffs in error respecting the right of the court to grant the second judgment.

While the judge, under the Code, § 50-121, upon a hearing of a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given, such discretion is not free or arbitrary, but is to be governed by the rules of law, and should be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child would justify the judge in overriding the rights of the person holding the legal claim. *Miller* v. *Wallace*, 76 *Ga.* 479 (2 Am. St. R. 48); *Butts* v. *Griffith*, 189 *Ga.* 296 (2) (5 S. E. 2d, 907); *Fowler* v. *Fowler*, 190 *Ga.* 453 (9 S. E. 2d, 760); *Shope* v. *Singleton*, 196 *Ga.* 506 (2) (27 S. E. 2d, 26). "Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him." Code, § 74-106. This section of our Code fixes the right of the mother to the custody of the child on the death of the father. *Landrum* v. *Landrum*, 159 *Ga.* 324, 328 (125 S. E. 832, 38 A. L. R. 217). Accordingly, the discretion here had to be exercised in favor of the mother, who had the legal right to the custody of the child, unless the evidence showed that the welfare and interest of the child would have justified the judge in awarding his custody to the paternal grandparents. While the evidence on this controlling issue was conflicting, it cannot be said as a matter of law that it was sufficient to require the court to disregard the legal right of the mother, and to award the custody of the child to another. When the evidence on such a controlling question in a habeas corpus case is conflicting, the discretion of the judge in awarding a minor child to the mother will not be disturbed by this court. *Williams* v. *Hicks*, 149 *Ga.* 333 (100 S. E. 97).

*Judgment affirmed.* *All the Justices concur.*