31943.   THE NATIONAL BANK OF MONROE *v.* WRIGHT *et al.*

DECIDED MAY 22, 1948.   REHEARING DENIED JUNE 5, 1948.

274

*Orrin Roberts, H. C. Cox,* for plaintiff.

*A. M. Kelly, J. C. Knox, D. M. Pollock,* for defendant.

PARKER, J. The motion to dismiss the writ of error is denied.

The controlling question in this case is determined by the

construction of the contract. If it is a contract of guaranty the cause of action was barred when the suit was filed. If it is a contract of indemnity the action was not barred. It is often difficult to tell whether a particular contract is one of guaranty or indemnity. "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." Code, § 103-101. "A contract of guaranty exists where one lends his credit for the benefit of another, but under an obligation which is separate and distinct from that of the principal debtor, and where he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract." *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698, 702 (116 S. E. 903) ; *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14 (3), 17 (33 S. E. 701) ; *Arkansas Fuel Oil Co.* v. *Young*, 66 *Ga. App.* 33, 35 (16 S. E. 2d, 909). An indemnity contract is defined by Black's Dictionary of Law as "An agreement between two parties, whereby the one party, the indemnitor, either agrees to indemnify and save harmless the other party, the indemnitee, from loss or damage, or binds himself to do some particular act or thing, or to protect the indemnitee against liability to, or the claim of, a third party." Citing 10 Am. & Eng. Enc. Law, 402. "Indemnity" means "reimbursement, restitution, or compensation." *Travelers Ins. Co.* v. *Georgia Power Co.*, 51 *Ga. App.* 579, 583 (181 S. E. 111). "In a contract of indemnity the indemnitor, for a consideration, promises to indemnify and save harmless the indemnitee against liability of the indemnitee to a third person, or against loss resulting from such liability. The contract of the indemnitor is an original undertaking." 1 Brandt, Suretyship and Guaranty, § 5, pp. 19, 20; *National Bank of Tifton* v. *Smith*, 142 *Ga.* 663, 665 (83 S. E. 526, L. R. A. 1915B, 116). As stated in the written opinion of the trial court, "An indemnity contract differs from a guaranty in that the former is an original rather than a collateral undertaking and generally undertakes to make good the promisee's loss resulting from his liability to another rather than from another's liability to him." 38 C. J. S., Guaranty, § 5.

In determining whether a contract is one of guaranty or of indemnity, the language of the instrument should first be considered, and the surrounding circumstances should be taken into account only if the language is indefinite or ambiguous. 38 C. J. S., Guaranty, § 5. The intention of the parties to a contract "is to be gathered largely from what the parties say, the words they use." *Myers* v. *Philip Carey Co.*, 17 *Ga. App.* 535 (87 S. E. 825), citing *Malsby* v. *Young*, 104 *Ga.* 205, 213 (30 S. E. 854). In finding the intention of the parties to a contract, the language they used will be looked to for that purpose. *McKibben* v. *Fourth Nat. Bank*, 32 *Ga. App.* 222 (122 S. E. 891). In discussing guarantors and indorsers, Judge Bleckley used these words: "Why should it not be held that the parties, one and all, contemplated the class of contract which the words they employed, naturally and fairly construed, import, to wit, a contract of guaranty? This is the better and the safer construction." *Geiser Mfg. Co.* v. *Jones*, 90 *Ga.* 307, 310 (17 S. E. 81). The contract here provides that the defendants "guarantee payment of the said $75,000 note executed by Union Banking Company to Bank of Monroe, Georgia."

We do not think the contract in this case can properly be construed as a contract of indemnity. We think it is a contract of guaranty. It was a contract to pay the debt of the Union Banking Company to the Bank of Monroe, evidenced by notes for $75,000, for which it remained bound, based on a consideration flowing to the guarantors. Their liability was a separate obligation, collateral to that of the Union Banking Company and was not an original undertaking. The contract uses no words indicating it was a contract to indemnify the Bank of Monroe on account of any particular losses or damages it might sustain. On the other hand, the defendants contracted merely to guarantee the payment of a certain amount and not to indemnify the Bank of Monroe for all loss or damage it might sustain in the transaction. The court properly construed the contract as a guaranty, and ruled properly that the action thereon was barred by the statute of limitations.

The plaintiff relies on the case of *Walton County Bank* v. *Stanton*, 38 *Ga. App.* 591 (144 S. E. 815), which was affirmed by the Supreme Court in 169 *Ga.* 40 (149 S. E. 573). The contract

there involved was an agreement signed by certain stockholders of the Bank of Social Circle, to stand the losses, if at the final settlement of certain notes of named persons there should be any loss sustained by said bank, or a consolidated or merged bank. This court held that agreement to be a contract of indemnity. We do not think the *Stanton* case is contrary to our holding in this case. The plaintiff cites the case of *Union Banking Co.* v. *Abercrombie,* 180 *Ga.* 491 (179 S. E. 342), in which the same contract here involved was before the court. There is no ruling in that case applicable to the instant case.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I think the contract sued on is one of suretyship rather than of guaranty. While the contract might have benefited the sureties the benefit was not a consideration arising out of the note to the Bank of Monroe or out of the contract. The avoidance of assessment was a motive and by-product but not a consideration. The contract is no more than the endorsements of the note as sureties. But, whether the contract is one of suretyship or guaranty it was barred by the statute of limitations.