35973. COPELAND *v.* BEVILLE.

Decided January 20, 1956—Rehearing denied February 16, 1956.

*Benjamin B. Garland, W. M. Redman, W. E. Watkins,* for plaintiff in error.

*Beck, Goodrich, Goddard & Smalley,* contra.

NICHOLS, J. 1. The defendant contends that the "alleged contract" was a contract to answer for the debt of another and that therefore it fell within the statute of frauds and must have been made in writing to be enforceable, while the plaintiff contends that the "alleged contract" was one of indemnity, and need not be in writing. "Indemnity" has been defined as "the obligation or duty resting on one person to make good any loss or damage another has incurred or may incur by acting at his request or for his benefit." See 42 C. J. S. 564, § 1. The allegations in the present case definitely fall within the category of the above definition of a contract of indemnity. The mere fact that the allegations were that the defendant stated to the plaintiff that he would personally guarantee that the plaintiff would not lose anything by signing the bond, rather than that he, the defendant, would indemnify the plaintiff against any loss if he would sign the bond makes no difference. In *Jones* v. *Shorter,* 1 *Ga.* 294, the word "indemnify" was used, whereas in *Clark* v. *Toney,* 17 *Ga. App.* 803 (88 S. E. 690), an examination of the orignal record reveals that the word "guarantee" was used, but in both of these cases it was held that a cause of action was set forth and in effect that the contract was not one that fell within the statute of frauds so as to require it to be in writing. Therefore, in the present case the trial court properly tried the case and charged the jury on the theory of "indemnity" and not "guaranty."

What has been said above controls the questions raised by the defendant in grounds two, three, four, and five of his amended motion for new trial, and the same are without merit.

2. The first special ground of the defendant's amended motion for new trial complains that the trial court erred in charging as

444

follows: "The plaintiff alleges in substance that the defendant induced him to sign a bond as surety for Copeland Motor Company; that as an inducement to him to sign the bond, that the defendant agreed to, and did indemnify him against any loss under the bond which he might suffer as surety."

In view of what has been said in the previous division of this opinion the above-quoted excerpt was not error for any reason assigned by the defendant since the trial judge was properly giving the contentions of the parties to the jury.

3. In ground six of the amended motion for new trial the defendant assigns error on the failure of the trial court to charge the contention of the defendant with reference to the time the defendant signed the bond as an officer of the corporation.

The court charged generally the contentions of the parties and if any additional charge had been desired by the defendant on this subject it should have been the subject of a timely written request. Code § 81-1101; *A.A.A. Highway Express* v. *Hagler*, 72 *Ga. App.* 519 (3) (34 S. E. 2d 462); *Caldwell* v. *State*, 82 *Ga. App.* 480 (2) (61 S. E. 2d 543).

4. Ground seven of the amended motion is but an amplification of the general grounds and will therefore be considered with the general grounds.

The plaintiff testified that the defendant came to his office and requested that he sign the bond in the dispossessory proceeding as surety for the corporation and that the defendant stated to him that it was a mere formality, that he would personally guarantee that he would not lose anything by becoming surety on the bond, that he paid the amount due on the bond after a fi. fa. was issued and that he paid it to keep the sheriff from levying on his house and selling it to satisfy the fi. fa. The defendant introduced evidence that he didn't promise the plaintiff anything to sign the bond, that the plaintiff signed the bond as surety to protect his interest in certain property located on the premises from which the corporation was being dispossessed, and that he was out of the State on the day that the plaintiff signed the bond.

There was ample evidence to support the verdict and when there is any evidence to support a verdict approved by the trial court this court will not disturb it.

Accordingly, the trial court did not not err in overruling the defendant's motion for new trial for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*