37221. DANTEL CORPORATION *v.* WHIDBY.

DECIDED SEPTEMBER 5, 1958.

*J. Ray Merritt,* for plaintiff in error.

*Joe E. Cheeley, Jr., R. F. Duncan,* contra.

NICHOLS, Judge. 1. The record in the present case does not disclose whether the lien filed by Whidby (although it is undis-

puted that a lien was filed), was filed under the provisions of Code § 67-1801 or under the provisions of Code § 67-2001 as amended. No demurrers were filed and after verdict, since the evidence must be construed most strongly in favor of the verdict, if the defendant was entitled to a verdict under either provision of the Code the verdict cannot be said to be without evidence to support it.

Under Code § 67-1801 laborers may file a lien on the property of their employers, but in order for an employee to come within the class entitled to such lien his duties, in the main, must be duties not requiring business capacity, skill and discretion. *Oliver v. Macon Hardware Co.*, 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300) ; *Tuck v. Moss Mfg. Co.*, 127 *Ga.* 729, 732 (56 S. E. 1001).

The defendant in the present case was what might be termed a "working foreman," for, in addition to his duties as a supervisor, he was expected to perform manual type labor himself. In response to a question propounded by his counsel the defendant testified as follows as to his duties: "Well on the first ten houses I only had two or three carpenters to start with, well I had to cut all the material, I had five or six laborers and they'd carry the material to the carpenters and I'd keep 'em busy putting it up, I'd cut it faster than they could nail it up. So at first I'd have to put up the batter boards, get the lots graded, put up the batter boards and see that the brick masons got started right, they would pour concrete slabs I'd have to get the subcontractor to get all the plumbing in and get the subcontractor there to finish the concrete, I was a general foreman to keep the job going, then when they got their job done I'd go through and put out the material, put all around the houses and have the carpenters nail it up, I'd have to look after the concrete pouring of the floors and driveways and slabs and all that, I couldn't work all the time for a man couldn't hardly run a job and keep busy but I did work part of the time, I had to work all the time on the first ten houses because I didn't have no one that could run a Dewalt saw and I finally got me a man that could run it and that left me free to do other duties, look after subcontractors and keep them on the job."

Under this testimony the defendant was not, in the main a

laborer so as to be entitled to a lien under Code § 67-1801.

Under Code (Ann.) § 67-2001 a lien is provided for as follows: "All mechanics of every sort, who have taken no personal security therefor, shall, for work done and material furnished in building, repairing, or improving any real estate of their employers; . . . shall each have a special lien on such real estate. . . ."

In *Evans & Pennington v. Beddingfield*, 106 *Ga.* 755, 756 (32 S. E. 664), it was said with reference to persons entitled to a mechanic's lien: "In the case of a mechanic, it is necessary that he should be an operative engaged in a business requiring some particular skill in doing the work by virtue of which the law creates in his favor a lien."

Under the above quoted testimony of the defendant as to the work performed by him, which the jury was authorized to believe, the defendant was certainly a mechanic within the meaning of Code (Ann.) § 67-2001, supra. Therefore, while the evidence was in conflict as to whether any balance was owed the defendant under his contract of employment with the plaintiff landowner, the verdict was authorized by the evidence. Under the above ruling special ground 1 of the amended motion for new trial necessarily fails to show any error.

2. Special ground numbered 2 assigns error on the admission in evidence of a copy of the bond given by the plaintiff to pay the defendant in the event that he should successfully foreclose his lien. Thereafter the plaintiff, who objected to this evidence, presented evidence that the bond was given, its cost and other information with reference to it. Therefore, other evidence to the same effect was presented without objection and, if the admission of the bond in evidence over objection was error, it was harmless error. See *Arcady Farms Milling Co. v. Betts*, 93 *Ga. App.* 255 (91 S. E. 2d 289); *G. Bernd Co. v. Rahn*, 94 *Ga. App.* 713, 722 (96 S. E. 2d 185); *Yancey v. Fidelity &c. Co. of N. Y.*, 96 *Ga. App.* 476 (100 S. E. 2d 653).

3. Special grounds 3 through 8 assign error on the failure of the trial court to charge without request certain principles of law with reference to the type of service performed by the defendant for the plaintiff corporation.

The trial court charged generally on this subject and had the plaintiff desired additional instructions they should have been the subject of timely written requests. *Copeland* v. *Beville*, 93 *Ga. App.* 442 (92 S. E. 2d 54), and citations. No reversible error is shown by these grounds.

4. Special grounds 9 and 10 assign error on excerpts from the charge given, not because they were incorrect principles of law but because, according to the contentions of the plaintiff corporation, they were not applicable to the issues of the case.

In view of the fact that the case was tried without reference to whether the defendant Whidby was attempting to recover in his cross-action under Code § 67-1801 or Code (Ann.) § 67-2001, neither excerpt of the charge complained of (one referring to each section), can be said to have been inapplicable to the case.

5. Special ground 11 complains of an excerpt from the court's charge wherein the jury was instructed with reference to liens by persons employed by persons other than the owner of the land.

In the present case the employee, under the undisputed evidence, *was* employed by the landowner and not by some third person. Therefore, the charge was not applicable to the issues of the case; however, it is well settled that an irrelevant or inapplicable charge is not ground for reversal *unless* it is likely to have misled the jury or affected the verdict. *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389, 393 (46 S. E. 405); *Long* v. *Gilbert*, 133 *Ga.* 691 (5) (66 S. E. 894); *Service Wholesale Co.* v. *Reese*, 91 *Ga. App.* 366, 368 (85 S. E. 2d 625). The charge complained of, under the evidence, could not have misled the jury.

6. In special ground 12 complaint is made to the admission of evidence which was objected to on the trial of the case as being hearsay.

The argument is advanced in the brief of the plaintiff in error that such testimony was inadmissible because it was evidence of an "offer of compromise." Whether this ground of objection would have been good if made at the time the evidence was offered cannot be considered. " 'Although there may be a ground of objection to testimony which would have been good if made, yet if the objection made be not good, it will be overruled.' *Cox* v. *Cody & Co.*, 75 *Ga.* 175 (1a)." *City of Commerce* v. *Bradford*, 94 *Ga. App.* 284, 291 (94 S. E. 2d 160).

The only objection urged at the time the evidence was offered was that such evidence was hearsay. The statement attributed to the officer of the plaintiff corporation was a statement against interest and was not hearsay. *Columbian Peanut Co.* v. *Pope,* 69 *Ga. App.* 26, 31 (24 S. E. 2d 710).

7. In special ground 13 error is assigned on an excerpt from the trial court's charge. It is unnecessary to determine if the charge complained of was error for, if error, it was harmless to the plaintiff corporation.

The charge instructed the jury, in effect, that when a bond was given conditioned to pay eventual condemnation money and a verdict is rendered against the party who has given such bond that a judgment may be entered against the sureties on such bond. No reversible error is shown by this ground of the motion for new trial.

The verdict being authorized by the evidence and no error of law harmful to the plaintiff being shown, it was not error to deny the plaintiff's motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*