## 40462. DIXIE AUTO INSURANCE COMPANY v. SMITH.

PANNELL, Judge. 1. A policy of insurance in which the insurer agrees "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile" is a contract to pay liabilities rather than a contract of indemnity, and the cause of action thereon is complete when the liability attaches rather than after the discharge by the insured of the liability insured against. *Hodges v. Ocean Acc. &c. Corp.*, 66 Ga. App. 431, 433 (18 SE2d 28); *Liberty Mut. Ins. Co. v. Atlantic C. L. R. Co.*, 66 Ga. App. 826 (2) (19 SE2d 377).

2. It follows, therefore, that where, as in the present case, an insured under such a policy has judgments obtained against him in suits defended by the insurer, which judgments are within the terms of the policy and the insurer, after demand refuses to pay such judgments, the insured may maintain an action therefor against the insurer. *Hodges v. Ocean Acc. &c. Corp.*, 66 Ga. App. 431, 433, supra; *Liberty Mut. Ins. Co. v. Atlantic C. L. R. Co.*, 66 Ga. App. 826, supra; *Maryland Cas. Co. v. Sammons*, 63 Ga. App. 323 (11 SE2d 89); *Aetna Cas. &c. Co. v. Starrett*, 102 Ga. App. 278 (3) (115 SE2d 641), (following the *Hodges* case). While the *Hodges* case ruled that the holder of a judgment against an insured under such a policy might proceed against the insurer by garnishment, such holding was necessarily predicated upon the antecedent ruling that the insurer was liable to the insured. Unless the debtor can recover, the garnishing plaintiff may not recover, as his recovery is predicated upon the rights of the debtor, *Bates & Co. v. Forsyth*, 69 Ga. 365 (1b), *Singer Sewing Machine Co. v. Southern Grocery Co.*, 2 Ga.

App. 545 (59 SE 473), except in cases of fraudulent transfers, and even in these instances, the fiction of the debtor's right to recover is preserved. The trial court did not err in overruling the general demurrer to the petition.

3. While the bill of exceptions recites the overruling of general and special demurrers, the only judgment excepted to is the overruling of the general demurrer in a designated paragraph of the demurrer. Under these circumstances, this court cannot consider the question as to the overruling of the other demurrers. *Ayares Small Loan Co. v. Maston,* 78 Ga. App. 628 (4) (51 SE2d 699); *Sherrill v. Sherrill,* 202 Ga. 288 (1) (42 SE2d 921).

   *Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED JANUARY 27, 1964.

*W. Glenn Thomas, Albert E. Butler,* for plaintiff in error.
*William A. Zorn,* contra.