### 41767. RANKIN v. SMITH.

ARGUED JANUARY 11, 1966—DECIDED FEBRUARY 9, 1966—
REHEARING DENIED FEBRUARY 25, 1966.

*Haas, Dunaway, Shelfer & Haas, Hugh F. Newberry, George A. Haas,* for appellant.

*Martin McFarland,* for appellee.

EBERHARDT, Judge. ■ Is the position of Mrs. Smith sustainable that the contract was one of suretyship, that her plea of coverture was good and that the direction of a verdict in her favor was proper under *Code* §§ 103-101, 53-503? While she asserts that by the contract she became surety for the debt of her husband, the fact is that the debt was that of Rankin-Smith, Inc. But, if the contract be one of suretyship it matters not whether the debt was that of her husband or of the corporation. *Saulsbury, Respess & Co. v. Weaver,* 59 Ga. 254.

However, we cannot agree that it is a surety contract. "A contract of suretyship is where, in consideration of the benefit extended to the principal debtor, one lends his credit by joining the principal debtor's obligation, so as to render himself directly and primarily responsible on the same contract . . ." *Durham v. Greenwold,* 188 Ga. 165, 167 (3 SE2d 585). Certainly the obligation of Mrs. Smith was not extended to and did not run to the principal debtor, Rankin-Smith, Inc., nor was it on the same contract.

While there is no proscription against the making of a guaranty contract by a married worman (*Wilson Brothers v. Heard,* 46 Ga. App. 497 (167 SE 913)), this one does not have the characteristics of a guaranty agreement. The defendant did not obligate herself to pay the debts of Rankin-Smith, Inc., *if it did not pay,* or guarantee its solvency. Rather, she entered into an *original undertaking* whereby, as to the Rankins, she assumed and agreed to pay the corporation's debts. Additionally, she agreed to hold them harmless against any liability on account thereof. This second portion of the agreement is in the nature of an indemnity contract. See *National Bank of Monroe v. Wright,* 77 Ga. App. 272 (48 SE2d 306); *Copeland v. Beville,*

93 Ga. App. 442 (92 SE2d 54). Cf. *Walton County Bank v. Stanton*, 38 Ga. App. 591 (144 SE 815); *Stanton v. Walton County Bank*, 169 Ga. 40, 43 (149 SE 573). "Like the contract of suretyship, the contract of indemnity has as its purpose security of the promisee against loss. The great difference between the two lies in the character of the promisee. In suretyship the promise runs to an obligee or creditor, present or prospective. In indemnity the promise runs to an obligor or debtor present or prospective. In suretyship the promisee has or is about to extend credit to a third person, the principal, and the promise is made to protect the promisee creditor in case the principal fails to perform. In indemnity, the promisee owes or is about to assume an obligation to a third person, the creditor, and the promisor agrees to save him harmless from a loss as a result of his assuming that obligation." Simpson, Suretyship (1950), p. 28, § 17.

In the present contract the promise of Mrs. Smith runs to the Rankins—not to the corporation or to the creditor bank. Mr. Rankin had already become obligated as an indorser on the note from the corporation to the bank, and it was to save him harmless as a result of his having assumed that obligation that this contract was entered into.

Unless the contract is one of suretyship the plea of coverture was unavailable. "The only restriction upon the right of a married woman to contract is that she can not make herself liable to pay her husband's debts, and 'can not bind her separate estate by any contract of suretyship.' Civil Code (1910) §§ 2993, 3007 [now §§ 53-502, 53-503]. These restrictions should not be extended beyond their clear import. Since the law makes a distinction between a contract of suretyship and one of guaranty (Civil Code § 3538 [now § 103-101]), and this difference in the two contracts is often very material to a determination of the rights of the parties . . . the inhibition upon a married woman's execution of a contract of suretyship should not apply to any other contract made by her." *Wilson Brothers v. Heard*, 46 Ga. App. 497, supra. This applies when she has entered into a contract of indemnity, or of an original undertaking, as well as when she has made a guaranty contract.

■ Her contention that this was a contract on her part to pay her husband's debt is wholly without merit. The obligation of Rankin-Smith, Inc. to First National Bank was not her husband's debt, nor did the fact that he, along with Mr. Rankin, indorsed the note make it so. It was the debt of the corporation, albeit Mr. Smith could be held on his indorsement.

■ Mrs. Smith urges that the contract was, as to her, without consideration, but this is unsupported by the facts. She held 40 shares of stock in Rankin-Smith, Inc. and the contract recites that in consideration of the surrender by the Rankins of "all their respective shares, rights, title and interest to Rankin-Smith, Inc." leaving Mrs. Smith and her husband the "sole shareholders in said corporation" she and her husband do agree to assume and pay all outstanding debts and obligations of the corporation and to hold the Rankins harmless from any and all liability and obligation resulting from their association as stockholders and officers of the firm. The evidence disclosed that the Smiths paid to the Rankins $2,913.54 for the surrender and retirement of their 340 shares of stock, and it was canceled out on the books of the company, leaving 340 shares issued to the Smiths as all of the outstanding capital stock.

Inevitably the value of the shares of Mrs. Smith was increased proportionately. She continued to hold the office of treasurer of the corporation and, as such, could have had full access to the books and records of the corporation at any time. That the 40 shares of stock issued to her and her election to the office of treasurer may have been pursuant to the arrangements of Mr. Smith and Mr. Rankin in the organization of the corporation and that she never paid anything for the stock, is immaterial. She entered into the contract reciting that she was a stockholder and that as a result of the surrender by the Rankins of their stock she and her husband were "now the sole shareholders in said corporation." If the issuance of the stock to her was at her husband's instance she had accepted it, and in making the contract was accepting the benefits to be derived from the surrender of the Rankin stock.

Whether the contract be treated as an original undertaking or as an indemnity agreement (Cf. *Dixie Auto Ins. Co. v. Smith,*

109 Ga. App. 13 (1) (134 SE2d 863)), it is not one of suretyship. The liability of Mrs. Smith under it is in no wise different from that of her husband. Each is obligated by its terms. Direction of a verdict in Mrs. Smith's favor was error.

Judgment reversed. *Bell, P. J., and Jordan, J., concur.*