45892. ALMAND CONSTRUCTION COMPANY, INC. v. GUYE.

HALL, Presiding Judge. Defendant on a laborer's lien appeals from the judgment on the grounds that plaintiff was not a laborer within the meaning of *Code* § 67-1801.

There is no dispute that plaintiff, a construction engineer, was hired originally as an estimator and project manager at the rate of $300 per week. Some six months later defendant hired a "general manager" and released a "job superintendent." At that time the character of plaintiff's employment changed, with some of his previous functions being assumed by the general manager and with his assuming, for all practical purposes, the functions of the job superintendent. However, plaintiff contends that during the last three weeks of his employment with defendant (for which he claims he was unpaid and for which he brought the lien), he worked exclusively as a manual laborer on the job site. Nevertheless, plaintiff's own testimony is contrary. In response to the question of whether he was in charge of the job, he replied "Yes, sir, I was in charge of it. All I did was labor work. It had got to the stage where you didn't need a superintendent; but if you have got a group of people working, you have to have somebody look after them." When asked if he were the one looking after them, he responded that he was, although working right along with them.

Under this testimony, plaintiff put himself squarely within the category of a "working foreman" which this court has held to be not a laborer entitled to a lien under *Code* § 67-1801. *Dantel Corp. v. Whidby,* 98 Ga. App. 119 (105 SE2d 242). See also *Bell v. J. B. Withers Cigar Co.,* 196 Ga. 48 (26 SE2d 260).

The trial court erred in entering a judgment for the plaintiff.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

SUBMITTED JANUARY 13, 1971—DECIDED APRIL 8, 1971.

*Peek, Whaley & Haldi, Glenville Haldi,* for appellant.
*Scott Walters, Jr.,* for appellee.